# VALENTINE POWELL

## *v.*

## SARAH RICH.

1. CROPS — *growing at sale of land.* As between landlord and tenant, debtor and creditor, and, under the statute, between the executor and heir, growing crops are personalty; but as between a wrong-doer and the owner of the soil, and the vendor and purchaser, they are real estate, and pass by a conveyance, without a reservation in writing is made. And until matured they cannot be sold by the owner of the soil under the statute of frauds, unless the transfer is evidenced by a memorandum in writing.

2. SAME — *license to remove them.* The owner of the freehold may license another to remove growing crops, which, if acted upon and they are reduced to possession before a revocation, the title in the crops will vest in the person thus licensed.

3. SAME — *parol reservation.* The court did not err in refusing to instruct the jury that the purchaser of the freehold was estopped from showing that she owned the growing crops on the land, notwithstanding a parol reservation by the vendor at the time of the sale.

APPEAL from the Circuit Court of Peoria county; the Hon. MARION WILLIAMSON, Judge, presiding.

This was an action brought by Sarah Rich before a justice of the peace of Peoria county, against Valentine Powell. A trial was had, and plaintiff recovered a judgment, from which defendant appealed to the Circuit Court. A trial was subsequently had in that court at the October Term, 1865, by the court and a jury.

It appeared on the trial that plaintiff purchased of defendant a piece of land, on which a crop of corn and some millet was growing. The conveyance of the land was made to her in August, 1864, and contains the usual covenants of warranty. The deed contains no reservation of the crops. There was evidence that it was understood before the conveyance, that the crops were not included in the sale, but reserved to the defendant. And some of the evidence tended to show that plaintiff, after the sale, stated that she did not claim them.

It appears that defendant, in the fall, after plaintiff was let into possession, gathered the corn and removed and appropriated it to his own use. The jury found for the plaintiff, and assessed the damages at $136. Defendant entered a motion for a new trial, which the court overruled, and rendered judgment on the verdict. To reverse which he prosecutes this appeal.

Mr. H. M. WEAD and Mr. H. W. WELLS, for the appellant.

Mr. J. S. STARR, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action commenced before a justice of the peace, in Peoria county, by Sarah Rich against Valentine Powell. Plaintiff sought to recover the value of a crop of corn gathered and used by defendant. On the trial before the justice, plaintiff recovered a judgment for $177, and costs. Defendant removed the case to the Circuit Court by appeal. A trial was afterward had in the Circuit Court by a jury, which resulted in a verdict in favor of plaintiff for $136. A motion for a new trial was overruled, and a judgment rendered on the verdict. Defendant brings the case to this court by appeal.

The evidence shows that appellee, in the month of August, 1864, purchased of appellant a tract of land on which there was growing a crop of corn and some millet. That the deed from appellant contains no reservation of the grain, nor was any writing executed showing a reservation, but at the time of the sale a reservation was spoken of by the parties. And afterward, appellee said that the crops belonged to appellant and she would have nothing to do with them. On the trial, the court instructed the jury that growing crops passed by the deed, and that all prior conversation in reference to the crops merged into the deed. That a parol reservation of growing crops, as between the grantor and grantee, after the deed was executed, became thereby nugatory, and of no effect, and to have rendered the reservation effectual, it should have been in a written agreement, or in the deed. That the defendant, to entitle himself to the crops, must prove a subsequent sale or transfer of the crops after the delivery of the deed, for a valuable consideration. That the jury should not take into consideration conversations between the parties which occurred at the execution and delivery of the deed, or subsequent thereto, in reference to the crops.

For appellant, the court instructed the jury, that, under the law, growing crops, the product of annual labor, are personal property, and may be sold by parol agreement, and if they believed from the evidence, that appellee, after the purchase from appellant, repeatedly stated, that the crops in question belonged to appellant, they should take such statements into consideration in determining whether they belonged to appel-

lant, and if they so believed, they should find a verdict for him. That if appellee knew that appellant was gathering the crops in question, and stated that they belonged to him, this is evidence of a license to take such crops. The court however refused to instruct the jury that such facts would estop appellee from claiming the crops.

As between landlord and tenant, between debtor and creditor, and under our statute, as between the executor and heir, growing crops are personal property. But between a trespasser and the owner of the soil, and a vendor and vendee, they are real estate. And it has been uniformly held, that, by a conveyance of land, without a reservation in a deed, the crops and all things depending upon the soil for sustenance, belong to and pass with the land. After the crops have been matured, however, it is otherwise, but until they are matured, they constitute such an interest in real estate, as to bring them within the statute of frauds. And to pass by a sale by the owner of the soil, it must be evidenced by a written agreement; or if reserved from the operation of a conveyance, it must be in writing. A few cases may, no doubt, be found announcing a different conclusion, but they do not affect the rule. This court has held, in several cases, that the reservation must be in writing. *Smith* v. *Price*, 39 Ill. 28, *and Dixon* v. *Nichols*, id. 372.

It is true, that the owner may license a party by parol to enter and remove growing crops, and if acted upon, and they are reduced to possession and removed, the title will vest in the party acting under the license. And the court substantially so informed the jury. We do not perceive that the court erred in refusing to instruct the jury that appellee was estopped from showing that she was the owner, as an estoppel precludes a party from proving the truth of an existing fact, while in this case, appellee has done no act which would preclude her from showing that she was the owner of the grain. Had the jury found, from her declarations, that appellant had purchased the corn, we would have been better satisfied with the verdict, but it was a question of fact for the jury, and we cannot reverse,

simply because we might have arrived at a different conclusion from that which they have reached. We cannot say that the verdict is so clearly against the weight of evidence, that it should be set aside. Nor do we perceive any error in giving or refusing instructions.

The judgment of the court below must be affirmed.

*Judgment affirmed.*