### James Tripp v. Frederick Hasceig.

*Deed : Unsevered Crops.* Ripe crops, although no longer drawing nourishment from the ground, will, if still unsevered, pass by a conveyance of the land.

*Reforming deeds in equity : Mistake.* To establish, according to principles administered by courts of equity a mistake, in order to obtain the reformation of a deed, there must be not only an error on both sides, but the mistake must be admitted or directly proved.

*Heard April 19. Decided April 26.*

Error to Kalamazoo Circuit.

James Tripp on the 13th day of December, 1865, conveyed to Frederick Hasceig a farm in Kalamazoo County, on which at the time of the execution and delivery of the deed there was a field of standing corn; which remained unharvested until the spring following, when the defendant gathered it. The plaintiff claims that the corn having been left standing in the field, after the proper season for harvesting, at the time of the conveyance of the premises, did not pass under the deed, and brings this action of trover for the conversion of it by the defendant. The questions in controversy were presented in the Court below upon exceptions to the charge of the Circuit Judge, namely:

1. " As between grantor and grantee by warranty, the law gives to the latter the growing crops, as in case of the wheat in this case, sown among the ripe corn that same fall. We think the law is equally explicit as to crops ripe and ready for harvest in their natural season. We apprehend the rule is not affected by the fact that the corn is alive and drawing nourishment from the soil, or dead, yet standing implanted therein, any more than by the fact that a tree standing in the forest is dead or alive."

2. " If the vendor, before sale and delivery, has operated a severance, as by harvesting and burying potatoes on the premises or boxing them up, then the property in them would not be transferred by the deed. Without this we think he is bound to take such property and appropriate it to his own use, before delivering the possession by deed, or else to shield his rights by actual reservation in the conveyance itself."

3. " We think then, that standing upon authority where we have it, and reasoning upon analogy where direct authority fails us, we must conclude that when a ripe or over ripe crop is left standing in the field, at the time a deed is executed and delivered conveying the land on which such

crop stands, and there is no reservation in the deed, the crop passes as a part of the realty or freehold."

4. " Any contemporaneous agreement in parol between the parties, upon no new and independent consideration in reference to property affected as an interest in the land directly by the deed, can have no validity as affecting rights vested by the deed in either party; both because a deed cannot thus be attacked by parol, and because such agreement, if before, is merged in the deed; if after, is without consideration."

These charges were excepted to in the Court below; the jury found for the defendant, and the judgment entered thereon is brought into this Court by writ of error.

*Severens & Burrows*, for plaintiff in error.

Two questions will be principally discussed : *first*, whether by a deed of real estate, given under the circumstances in which this conveyance was made, would *ipso facto* operate to convey this over ripe crop of corn left standing through the winter on the stalk; and *second*, whether, if it would so pass, it was not competent for the parties to make a suppletory agreement at the time of giving the deed, whereby the corn, though the deed would operate to convey it, would be yielded by the vendee to the vendor as part of the consideration for the conveyance. The Court below charged the jury in the affirmative of the first proposition, and the negative of the second, thus substantially disposing of the case.

I. The question whether a *growing crop* passes by a deed, in which there is no reservation, is not an open one. And it is not contended that a mere parol reservation could be proved to contradict the deed, presuming that this Court would hold, applying the ruling in *Vandekarr v. Thompson*, (*19 Mich., 82*,) and in conformity with the preponderance of authority, that the legal effect of the deed could not be gainsaid by parol.

But, be the rule upon that subject as it may, the reason of the rule, that a growing crop passes by the deed, wholly fails when applied to the case of a crop left standing over after maturity, for the purposes of convenience, or as a mode of preserving the crop, all vital connection with the soil being completely destroyed. The reason why a growing crop passes is that it would be inconsistent with the interest in the land conveyed by the deed, that the vendor should retain the right to keep this crop upon it until ripe, drawing therefrom the sustenance necessary to mature it.

We say that the Court below misapplied the rule to a state of facts, in which the reason of it failed, and produced a result so absurd and unjust, and so manifestly against what the whole conduct of the parties showed they intended, as to force the conviction that there must have been a miscarriage of the law. That a different rule applies to the case of a *matured* crop, from that which governs the case of a growing one, was held in *Powell v. Rich, 41 Ill., 466-469*.

II. Supposing, however, that the title to the crop would pass, the second question presents itself, which is whether it is not competent to the parties to agree, at the time of the conveyance, that as part of the consideration the vendee will give to the vendor the crop, it being borne in mind that the crop is an incident merely, capable of being granted without deed. The Supreme Court of Indiana held, in a very recent case, that it is competent in precisely such a case, *Heavilon v. Heavilon, 29 Ind., 509*.

That the principle relative to contradicting a deed by parol is not violated by showing a suppletory agreement, although it relates to the same subject, provided, (and this seems to be the condition), the deed or writing is allowed to have its full legal effect according to its terms, the authorities are full and decisive: *Jeffrey v. Walton, 1 Stark. 279; Harris v. Rickett, 4 Hurls & Norm. 1; Malpus v. Lowdon & Co., Railway Law Rep., 1 Com. Pl., 336; Wake v. Harrop, 1 H. & C., 202; Wallis v. Littell, 11 Com. B.*

*N. S., 369; Rohan v. Hanson, 11 Cush., 44; Hahn v. Doolittle, 18 Wis., 196; Taylor v. Galland, 3 Greene, Ia., 22; Frey v. Vanderhoof, 15 Wis., 397; Fisk v. McGregory, 34 N. H., 414; Miller v. Fichthorn, 31 Penn. St., 260; Lindsley v. Lovely, 26 Vt., 123; Parsons v. Camp, 11 Conn., 525; Collins v. Tillou, 26 Conn., 368.*

The formal deed of conveyance being merely for the purpose of transferring the title, it would seem to fall within the principle of the cases relating to bills of sale and receipted bills of parcels: *Pickard v. McCormick, 11 Mich., 68; Rowe v. Wright, 12 Mich., 289.* It was so held in the cases above cited from *15 Wis., 397; 31 Penn. St., 260; 34 N. H., 414; and 26 Conn., 368.*

And the decisions of this Court have been uniform in holding, that when the inquiry was one relating to the consideration of the contract or conveyance, a suppletory agreement might be shown, notwithstanding it might result in the ultimate consequence of establishing a countervailing right, that would to some extent neutralize the obligation of the writing or the effect of the conveyance: *Bennett v. Beidler, 16 Mich., 150; Bowker v. Johnson, 17 Mich., 42, and cases cited.*

III. A third ground of objection to the charge exists in the action of the Court below in closing the case against the plaintiff, by instructing the jury that a subsequent agreement by the vendee, that the vendor should have the corn, would be void for want of consideration. This was a mistake. If we were held wrong in both our preceding points, and we could establish no *legal* right in the plaintiff, either by showing that the corn did not pass by the deed, or that it was competent to show that the vendor took it as part of the consideration; yet there was enough to warrant the jury in finding that the defendant was under an equitable obligation to have the contract corrected, and that was a sufficient consideration. *Kennard v. George, 44 N. H., 440; Beardsley v. Knight, 10 Vt., 185; Canedy v. Marcy, 13*

*Gray, 373 ; Stedwell v. Anderson, 21 Conn., 139 ; Evans v. Strode, 11 Ohio, 480.* It was in evidence that the defendant had admitted that the corn belonged to the plaintiff. That alone made the plaintiff's case as strong as it was in the case of *Austin v. Sawyer, 9 Cow. 39,* when the Court held that a sufficient basis of recovery.

*Thomas C. Cutler* and *Thomas R. Sherwood* for defendant in error.

I. The corn standing upon the hill, unharvested, and not having been severed from the soil, was a part of the realty, and passed by the deed. *4th Kent. Com. 467 ; 1 Sugden on Vendors, p. 45 ; 1 Washburne on Real Property, p. 4 ; 2 Id. 625 ; 3 Johns., 222 ; 10 Ind., 465 ; 12 Missouri, 457 ; 17 Pick. 192 ; 2 Hill, 142.* This cites approvingly *3 N. H. 2 B. & C., 36 ; 3 N. H., 503.* See *p. 507 ; 19 Pick, 314.*

II. The 2d alleged error has no relevancy to the case, and, whether erroneous or not, the judgment will not be reversed for such alleged error. *3 Mich. 55, 12 Id. 427, 13 Id. 70, 14 Id. 397, 17 Id. 425.* But the charge was correct. *17 Pick. 192.*

III. As to the 3d error assigned, see cases cited under first point. All oral negotiations or stipulations between the parties which precede or accompany the deed, are regarded as merged in it. *11 Mass. 27 ; 1 Tenn. 174 ; 15 Pick. 53 ; 14 Wen. 199 ; 12 Wen. 446 ; 4 Conn. 428 ; 1 Penn. 417 ; 1 Johns. Ch. 282, 425, 429 ; 7 Pick. 29 ; 17 Mass. 573-4 ; 4 Greenleaf, 497 ; 1 Cowen 122 ; 2 Day, 137 ; 1 Ala. Rep. 270 ; 12 Wen. Rep. 566 ; 11 Conn. 350-1-2-3 ; Cowen & Hill's notes 1467-1470.*

GRAVES, J.

The plaintiff in error sued Hasceig for the alleged conversion of a quantity of standing corn, which Tripp claimed as his property, and upon the trial a verdict passed for

Hasceig. Tripp now brings error and insists that the Circuit Judge erred in charging the jury, and he asks that the judgment be reversed therefor.

The evidence conduced to show that Tripp, being the owner of a farm in Kalamazoo county, on which he resided and on which he had raised a field of corn in the season of 1865, conveyed the farm to defendant about the 13th of December, in the same year, by warranty deed, while the corn was still standing, unsevered, where it grew, and without inserting in the deed any exception or reservation; and that Hasceig took and appropriated a part of the crop as properly conveyed to him by the deed. It was claimed by Tripp on the trial that the crop, being over ripe when the deed was given, did not pass by the conveyance, but the Circuit Judge advised the jury that the corn, though ripe and no longer deriving nourishment from the ground, would, if still attached to the soil, pass by conveyance of the land; and this is one of the rulings complained of.

We think this instruction was right, and we concur in the suggestion of the Circuit Judge, that whether the corn would pass or not, could no more depend upon its maturity or immaturity, than the passage of a standing forest tree by the conveyance of the land, would depend upon whether the tree was living or dead.

It is true that the authorities in alluding to this subject very generally use the words *growing* crops, as those embraced by a conveyance of the land, but this expression appears to have been commonly employed to distinguish crops still attached to the ground, rather than to mark any distinction between *ripe and unripe* crops.

In some cases, where the question has been raised under the statute of frauds, as to the validity of verbal sales of unsevered crops, a distinction has been drawn between such as were fit for harvest, and such as were not, upon the supposition that the former would not be within the statute, while the latter would be embraced by it. See cases refer-

red to in *Austin v. Sawyer, 9 Cow. R. 39.* In *Austin v. Sawyer*, however, Chief Justice Savage seems to have rejected the distinction, as he held that a verbal sale of *growing crops* was valid in New York.

But one case has been cited, or is remembered, in which it has been intimated that a mature and unsevered crop, would, because of its being ripe, remain in the grantor of the land, on an absolute conveyance of the premises without exception or reservation ; and that is the case of *Powell v. Rich, 41 Ill., 466*, and the point was not essential to the decision there.

There are many authorities, however, opposed to the distinction suggested in that case. *2 Bl. Com. 122, note 3 ; Broom's Maxims, 354 margin.*

In *Kittredge v. Woods, 3 N. H. 503*, Judge Richardson cites *Wentworth, 59*, for the proposition that "when the land is sold and conveyed without any reservation, *whatever crop is upon the land passes*," and after stating that *ripe grain* in the field is subject to execution as a chattel, Judge Richardson adds: "*Yet no doubt seems ever to have been entertained* that *it* passes with the land when sold without any reservation." And in the case of *Heavilon v. Heavilon, 29 Ind. 509*, cited by plaintiff's counsel on another ground, the Court expressly admit that until severance, the crop, as between vendor and purchaser of the land, is part of the realty. Indeed, the authorities are quite decisive that, whether the crop of the seller of the farm goes with the land to the purchaser of the latter, when there is no reservation or exception, depends upon whether the crop is at the time attached to the soil, and not upon its condition as to maturity. And this seems to be the most natural and most practical rule. When parties are bargaining about land, the slightest observation will discover whether the crops are severed or not, and there will be no room for question or mistake as to whether they belong with the land or not, if owned by the vendor.

If, however, the crops are to be considered as land or personal chattels, as they continue or do not continue to draw nourishment from the soil, the instances will be numerous in which very difficult inquiries will be requisite to settle the point.

It was further urged by plaintiff in error that, if it should be considered that the corn would pass by the deed, still the jury should have been allowed to inquire whether the parties did not enter into a contemporaneous verbal agreement, by which the grain was to belong to Tripp as part of the consideration for the farm. Without pausing to consider whether the plaintiff could be permitted to make the proof suggested, or could support his action by any arrangement like that supposed, it is quite sufficient to observe that there does not appear to have been any evidence fairly tending to show the existence of such an agreement. The plaintiff was himself on the stand, and yet he did not hint at the existence of a bargain of that kind.

It was finally insisted that the charge of the Court was erroneous in stating that a subsequent agreement by the vendee, that the vendor should have the corn, would be void for want of consideration; and we are told that the error on this point is shown by the circumstance that there was enough to warrant the jury in finding that defendant was under an equitable obligation, to have the deed so reformed as to except the corn, and that this fact constituted a sufficient consideration for an agreement by Hasceig, that the crop should belong to Tripp.

This argument assumes, that if the non-reservation of the corn in the deed was by mistake satisfactorily ascertained, or admitted, that then an equity would arise for the correction of the deed, which in turn would be an adequate consideration to support a subsequent agreement by Hasceig, that the grain should belong to Tripp. We need not examine the validity of this view, since it is quite manifest that

the case contemplated by it, is not found in the record before us.

The position taken implies that there was evidence before the jury to establish, according to the requirements of a court of equity, a mistake in the deed in not reserving the corn, and that there was also evidence conducing to prove a subsequent agreement that Tripp should have the corn, and resting for consideration on the right to have the deed corrected in equity.

There was a little evidence favoring the idea of a subsequent parol recognition by Hasceig of the right of Tripp to the corn under the conveyance of the land, but we look in vain for evidence of the assumed mistake in the deed.

It is well settled that to raise an equity to correct a deed, there must not only be an error on both sides, but the mistake must be either *admitted or directly proved.* *Adam's Eq. 171 margin; Fry on Specif. Per. 2d Am. Ed. p. 312 top and note 11.* The language of several of the cases cited by plaintiff's counsel is to the same effect. In *Kennard v. George, 44 N. H., 440,* the Court say that the mistake must *be clearly proved.* In *Canedy v. Marcy, 13 Gray, 373,* it is said that the Court has jurisdiction to reform a deed upon *clear oral evidence of the mistake,* and in *Beardsley v. Knight 10 Vt. 185,* the expression is still stronger. It is there declared that the Court will correct a mistake in a conveyance " *when undeniably proved,*" and that " *unless it be so proved it will not interfere.*" It is very certain that the record before us fails to show that a mistake in the deed was established on the trial below, or that any evidence was there introduced, fairly tending to show that fact, and therefore upon the theory of plaintiff's counsel, there was no evidence of any consideration for a subsequent agreement by Hasceig, that Tripp should have the corn.

The charge of the Court should be construed in the light of the evidence before the jury, and when viewed in

this way we discover nothing of which the plaintiff can justly complain.

In order to preclude all misapprehension as to the scope of this decision, we deem it not improper to add, that we express no opinion as to whether Tripp would be liable to Hasceig for any part of the crop appropriated by the former, with the acquiescence of the latter, under a verbal reservation.

The judgment of the Court below is affirmed with costs.

CAMPBELL, CH. J. and COOLEY, J., concurred.

CHRISTIANCY, J.

I concur with my brethren in the opinion of my brother Graves; but had it appeared in the case that it was the custom of the country where the farm was situated, (as it is in some of the Western states), to keep the ripe corn in the field for the winter, or till wanted for use or market, and to be taken only on the like occasions or for the like reasons, as if stored in the crib or granary,—thus using the field merely as a substitute for such crib or granary,—I am inclined to think I might have agreed in the opinion intimated by the Supreme Court of Illinois in *Powell v. Rich, 41 Ill., 466,* cited by my brother Graves.