MILAN D. REYNOLDS v. WILLIAM P CAMPBELL.

*Correction of deed requires clear showing.*

A bill to correct a deed so as to make the conveyance subject to mortgages, and excepting a crop from its operation, cannot be maintained except upon a very convincing preponderance of evidence in favor of complainant, showing that it had been so agreed between the parties.

Appeal from Washtenaw. Submitted January 2. Decided April 13.

BILL to reform deed. Defendant appeals. Reversed.

*Beakes & Cutcheon* for complainant. A deed was corrected on the testimony of one witness supported by corroborating circumstances, though the mistake was denied by a sworn answer: *Pember v. Mathers* 1 Br. Ch. 52; *Clifford v. Turrell* 1 Y. & C. 137; a reasonable presumption of mistake is enough: *Simpson v. Vaughan* 2 Atk. 33; if a deed fails to embody the actual bargain, the mistake may be corrected in equity: *Stockbridge Iron Co. v. Hudson Iron Co.* 107 Mass. 319; *Hunt v. Rousmaniere* 1 Pet. 13; *Woolam v. Hearn* 2 Lead. Cas. in Eq. 355; *Welles v. Yates* 44 N. Y. 525; Story's Eq. § 115; Kerr on Fraud 418; *Bingham v. Bingham* 1 Ves. Sr. 126; *Willan v. Willan* 16 Ves. 72; *Earl of Beauchamp v. Winn* L. R. 6 Eng. &. Ir. App. 223: 6 Eng. Rep. 47; *Langley v. Brown* 2 Atk. 203; *Canedy v. Marcy* 13 Gray 373; *Snell v. Ins. Co.* 98 U. S. 85; *Kosterboder v. Peters* 8 Penn. St. 438; *Wake v. Harrop* 6 H. & N. 768: 1 H. & C. 202; *Druiff v. Parker* L. R. 5 Eq. 137; *Sparks v. Pittman* 51 Miss. 511; *Green v. Morris etc. R. R.* 12 N. J. Eq. 165.

*Albert Crane* for defendant. Upon a bill to reform a deed parol stipulations omitted therefrom with complainant's knowledge cannot be inserted: *Andrew v. Spurr* (1864) 8 Allen 412; nor can a deed be reformed on the ground that

45 MICH.—34

complainant did not know what he was doing: *Bentley v. Mackay* (1862) 31 Beav. 143 ; the complainant must show that there was a mutual mistake of fact : *Sawyer v. Hovey* (1862) 3 Allen 331 ; *Nevius v. Dunlap* (1865) 33 N. Y. 676 ; *Ledyard v. Hartford F. Ins. Co.* (1869) 24 Wis. 496 ; *Bryce v. Lorillard F. Ins. Co.* (1873) 55 N. Y. 240 ; *Jackson v. Andrews* (1874) 59 N. Y. 244 ; the mistake must be established by clear and convincing proofs : *Irnham v. Child* (1781) 1 Br. Ch. 93 ; *Youell v. Allen* (1869) 18 Mich. 107 ; *Martin v. Hamlin* (1869) id. 354 ; *Tripp v. Hasceig* (1870) 20 Mich. 254 ; *Case v. Peters* (1870) id. 298 ; *Hudson etc. Co. v. Stockbridge etc. Co.* (1869) 102 Mass. 45 : (1871) 107 Mass. 290 ; *Potter v. Potter* (1875) 27 Ohio St. 24 ; *Mead v. Ins. Co.* (1876) 64 N. Y. 453 ; *Vary v. Shea* (1877) 36 Mich. 388 ; *Howland v. Blake* (1878) 97 U. S. 624 ; · *Moran v. McLarty* (1878) 75 N. Y. 25 ; *Ford v. Joyce* (1879) 78 N. Y. 618 ; complainant's uncorroborated testimony, though uncontradicted, would not be sufficient : *Kent v. Lasley* (1869) 24 Wis. 654 , *McClellan v. Sanford* (1870) 26 Wis. 695 ; *Hurter v. Christoph* (1873) 32 Wis. 245 ; defendant's denial should have weight : *Fowler v. Fowler* (1859) 4 DeG. & J. 250.

CAMPBELL, J. In January, 1873, Reynolds conveyed to defendant ninety acres of land in Washtenaw county at an agreed price of sixty dollars per acre, amounting in all to $5400.

When this land was sold it had on it about thirty acres of wheat, of which Reynolds claims it was agreed he should retain thirteen and one-half acres, of which twelve were in one parcel and the remainder in another field. These were also three mortgages against complainant at that date—one for $117 due to L. D. Watkins, one to Charles Wells on which there was to become due $2245, with interest from 1868, but which was not payable for some time thereafter, and a smaller mortgage to Wells which covered only a small part of these premises with adjacent lands, which had been originally for $375, but on which the principal had been due

several years, and with interest amounted to something more than $600.

Complainant claims that defendant purchased subject to all three of these mortgages, and was to pay and did pay the remainder of the $5400 partly in cash, and partly in a mortgage on lands in Jackson county of $900.

Defendant admits that he agreed to pay the two mortgages which covered his farm, but denies that he agreed to except the wheat, or to pay the smaller Wells mortgage, and insists that he paid the full balance above the $900, in cash.

The deed given by complainant was an ordinary warranty deed with no exceptions. In 1876 this bill was filed to correct this deed by excepting the wheat and making the grant subject to all the mortgages.

The $900 had been paid, as well as the Watkins mortgage and most of the large Wells mortgage, which it was understood between Wells and defendant the latter was to pay in full.

Defendant gathered the wheat. He also from the beginning refused to recognize the smaller Wells mortgage as binding on him.

The court below decreed for complainant for the wheat and all the mortgages. Defendant appeals.

In this case the testimony of the parties and of their wives is positively contradictory, upon all of the points involved. The outside testimony does not appear at all conclusive. There are many circumstances which in our view rather tend to confirm the statements of the defendant. But it is enough to say that without a very convincing preponderance of evidence in favor of complainant no relief can be granted. We do not think there is such a preponderance or any preponderance and therefore no decree should have been granted.

The answer is sufficient to determine, in any future controversy, the liability of defendant to pay what is left of the large Wells mortgage. It is not clear that any further relief could have been granted in any case, and nothing is shown to indicate that defendant would ever have objected to sign any proper instrument to that effect.

The decree must be reversed and the bill dismissed with costs.

MARSTON, C. J. concurred.

GRAVES, J. concurring.  How far soever this case may be thought to go in breeding suspicion that it was part of the agreement that defendant should assume and pay the small mortgage given to Wells, and which amounted to more than $600 at the time of the bargain, yet the showing is obviously not so clear and positive as to warrant a finding to that effect and a consequent change in the operation of the deed.  *Vanderkarr v. Thompson* 19 Mich. 82; *Martin v. Hamlin* 18 Mich. 354; *Tripp v. Hasceig* 20 Mich. 254; *Case v. Peters* id. 298; *Ivinson v. Hutton* 98 U. S. 79, 82, 83; *Mead v. Westchester F. Ins. Co.* 64 N. Y. 453; *Ford v. Joyce* 78 N. Y. 618; *Stockbridge Iron Co. v. Hudson Iron Co.* 107 Mass. 290.

The elements of proof are unwritten, conflicting and uncertain.  The failure of that part of the bill relating to the right to retain the thirteen and one-half acres of wheat is still more conspicuous.  In giving the opinion of the Court in *Case v. Peters*, supra, Mr. Justice Christiancy observed as follows: "It would, we think, be exceedingly dangerous, and tend to weaken confidence in titles generally, if the effect of deeds of conveyance, leases or other written evidences of title could be thus changed by a verbal agreement, except in very clear cases, where the contract is proved to the entire satisfaction of the court.  It should never be done upon a slight preponderance of evidence.  The court should be satisfied beyond a reasonable doubt.  *Hunter v. Hopkins* 12 Mich. 229; and see *Jones v. Tyler* 6 Mich. 368." Page 303.

COOLEY, J. dissenting.  I do not concur in the foregoing opinion, but think the decree appealed from was correct.