# JAMES K. P. CARTER
## v.
# JOHN V. WINGARD.

*Real Property—Crops—License to Remove—Landlord and Tenant.*

1. A parol reservation of a crop can not stand in view of the conveyance by warranty deed of the land in question, the same containing no reference to such reservation.

2. A license by parol may be given to remove a crop from land owned by the licensor, and the severing thereof from the soil before the revocation of the license by the licensor estops the latter from so revoking.

3. While one tenant in common may bring trover to recover the value of his interest in a crop converted by his co-tenant, when such action is brought it is a recognition of the relation that exists between them.

4. The action in the case presented being brought to recover a cer-

Carter v. Wingard.

tain share of a given crop, the plaintiff, by asserting a tenancy, recognized the existence of the relation between himself and the defendant, and the latter having delivered the share to which the former was entitled, the judgment against the former can not be disturbed.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Jefferson County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

The parties to this action were owners in equal undivided shares, and tenants in common of the lands mentioned in the evidence. By agreement between them, Wingard planted, tended and harvested the crops, retaining two-thirds thereof for his labor, seed, etc., and the other third was divided equally between them. Each paid one-half of the taxes on the land and one-half the interest on the mortgage indebtedness which incumbered the land when they bought it. In the summer of 1890, Wingard offered to sell out to Carter for a return of his money invested, leaving Carter to pay the incumbrance and taxes. The offer was not then accepted, and he sowed part of the land in wheat, under the agreement above mentioned. After the wheat was sowed, Carter claims he accepted the proposition, and, in pursuance thereof, paid off the mortgage on the 18th day of November without Wingard's knowledge. The trade was consummated and the final agreement made, after several conversations relating thereto, about the last of March, 1891, and two weeks later, viz., on April 16, 1891, Wingard conveyed his interest in the land by general warranty deed to Carter and received his money therefor.

At the time of the delivery of the deed, while the parties were at the notary's desk, a conversation occurred in which Wingard testified that he said, "There is a wheat crop growing on a part of this land and I want to know and understand if the wheat crop is to be divided as it has been heretofore;" to which Carter replied, " Oh, yes, we understand all that." The notary testified in substance the same, except that he used the word rent. On his first examina-

tion, Carter testified that nothing was said at that time about the division of the crop. But after the others had testified he was recalled and said : "Wingard remarked, ' I reserve my undivided interest in the wheat crop,' and I said ' Of course that is all right.' " At threshing time, Carter claimed one-third of the wheat and Wingard only allowed him to take one-sixth, the difference being forty-six bushels. Carter then brought this action. It was tried by the court without a jury and resulted in a finding and judgment for the defendant for costs, from which the plaintiff appealed.

Messrs. J. M. DURHAM and G. B. LEONARD, for appellant

Mr. ALBERT WATSON, for appellee.

MR. JUSTICE PHILLIPS. If the deed was the only point to be considered it would have to be held that it conveyed all the interest that Wingard had in the wheat crop and a parol reservation of a crop growing on the land would not be valid and binding.

Before the execution of the deed the relation of landlord and tenant existed as to one-half interest in the crop. The conveyance of the undivided one-half interest in the land did not change the relation that existed between Wingard and Carter as to one-half interest owned by Carter which he had leased to Wingard. It is clear that before the conveyance, the amount of rent to be paid to Carter for his one-half interest was one-sixth of the crop as his rent, and while a parol reservation would not be valid, a license by parol may be given to remove a crop from the land owned by the licensor, and the conversation between plaintiff and defendant may be considered as a license to the defendant to remove the crop, and he acting on that license and severing the crop before the revocation of the license by the plaintiff, which he may have done at his pleasure, the right of revocation ceased when the crop was severed from the soil. It is held in Powell v. Rich, 41 Ill. 466 :

" It is true that the owner may license a party by parol

to enter and remove growing crops, and if acted upon and they are reduced to possession and removed, the title will vest in the party acting under the license." And the evidence shows the severance of the crop before a revocation of the license. Again, while one tenant in common may bring trover to recover the value of his interest in a crop converted by his co-tenant, when such action is brought in trover it is a recognition of the relation that exists between them.

This action is brought to recover the value of one-sixth of the crop, plaintiff claiming one-third thereof. By asserting a claim for rent, he recognized the existence of the relation between himself and defendant of landlord and tenant, and recognizing that relation, the only remaining question is as to the amount of rent to be paid. If the relation of landlord and tenant existed as to one-half interest in the crop, it grew out of a conversation between the plaintiff and defendant at the time of the execution and delivery of the deed, and that conversation did not in any manner seek to change the amount of rent from that which had been theretofore paid, and the amount previously paid was one-sixth of the crop. The defendant, therefore, having delivered the portion of the crop to which plaintiff was entitled, the plaintiff had no right of recovery against him and it was not error in the court to so find. The judgment is affirmed.

*Judgment affirmed.*