Firebaugh v. Divan.

111    137
a207s 287

## Thomas Firebaugh v. Isaac Divan.

1. CROPS—*when pass with deed of land.* Matured crops, if severed from the soil, become personalty and do not pass by a deed, but crops not severed, whether ripe or unripe, pass to the vendee by the deed, unless such crops are specially reserved by the terms of the deed. (Damery v. Ferguson, 48 Ill. App. 224, followed.)

Assumpsit, for alleged conversion of crops. Appeal from the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed October 12, 1903.

JOHN J. REA, for appellant.

F. M. GREEN & SON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of assumpsit begun by appellant against appellee. The declaration alleges that plaintiff sold and delivered to defendant a certain tract of real estate, conveying the same to him by a warranty deed containing the usual covenants; that at the time of said sale plaintiff had standing upon said land the corn that was grown thereon that year, which, although said corn was still undetached from the soil, was nevertheless fully matured and ready for gathering and cribbing at the time of said sale; that said corn was not reserved in said deed, and no mention of same was made in said deed; that a few days after said deed was delivered, plaintiff sought to remove said matured corn, but was prevented therefrom by defendant, who then and there converted the same to his own use. The defendant filed a general demurrer to said declaration, which the trial court sustained. Plaintiff elected to abide by his declaration, and judgment was rendered by the trial court in favor of the defendant and against the plaintiff in bar of the action and for costs. Plaintiff appeals to this court.

The only question in the case is whether or not the matured corn, undetached from the real estate, passed with the deed to the appellee. In the case of Damery v. Ferguson, 48 Ill. App. 224, we held that matured crops, if severed from the soil, became personalty and do not pass by a deed, but crops not severed, whether ripe or unripe, pass to the vendee by the deed, as being annexed to and forming a part of the freehold, unless such crops are specially reserved by the terms of the deed.

Counsel for appellant insists that the weight of authori-

ties is against the former opinion of this court, and in support of his contention cites a number of Kansas cases which hold that the rule applies only to crops which are immature and have not ceased to draw nutriment from the soil at the time of sale, and that it is not applicable to crops that have matured and are ready for harvesting.

In the case of Tripp v. Hasceig, 20 Mich. 254, in commenting upon the distinction between ripe and unripe crops, and standing and severed crops, the court says:

" It is true that the authorities in alluding to this subject very generally use the words 'growing crops' as those embraced by a conveyance of land, but this expression appears to have been commonly employed to distinguish crops still attached to the ground, rather than to mark any distinction between ripe and unripe crops. If, however, the crops are to be considered as land or as personal chattels as they continue or do not continue to draw nourishment from the soil, the instances will be numerous in which very difficult inquiries will be requisite to settle the point."

While the question is not free from doubt, we are inclined to adhere to the rule announced by us in the case of Damery v. Ferguson, *supra*.

As counsel for appellee well says:

" If it be held that a distinction prevails between growing and matured crops, or ripe and unripe crops, as to their passing with a deed of conveyance of the land on which such crops are standing, then, in almost every case of this kind, a serious question of fact would be presented, which would depend largely upon the opinions of different witnesses, limitless in number, as to when a crop should be considered growing and when matured, when it ceased to draw sustenance from the soil, and whether the entire crop matured at about the same time or date; and these questions would in turn involve a consideration of the time of planting different parts of the same crop, and when the corn became ripe enough to crib as compared with the time when it was ripe enough to be cut and shocked, or shredded, or topped; and in fact no judicial determination satisfactory to anybody could be reached in a case like the one at bar."

The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*