(No. 21375.—

THE UNION CENTRAL LIFE INSURANCE COMPANY OF CINCINNATI, Appellee, *vs.* ROBERT M. COOPER, Appellant.

*Opinion filed June 24, 1932.*

JONES, J., took no part.

W. O. Harp, W. B. Strang, and L. A. Mehrhoff, for appellant.

Brown, Hay & Stephens, and Funk & McKeene, (Paul W. Gordon, of counsel,) for appellee.

Mr. Chief Justice Heard delivered the opinion of the court:

This cause is here by appeal on a certificate of importance from the Appellate Court for the Third District to review a judgment of that court affirming a decree of the circuit court of Scott county for the foreclosure of a mortgage.

On December 1, 1923, Charles M. Cooper and Mabel Cooper, husband and wife, were the owners of the real estate involved in this case as tenants in common, in equal shares. On that date they became indebted to the Union Central Life Insurance Company for money borrowed, and executed their principal promissory note for $8000, payable to the order of the company at its home office on October 1, 1934. To secure this note Cooper and his wife executed a mortgage on the premises to the insurance company, the material part of which is as follows: "The mortgagors, Charles M. Cooper and Mabel Cooper, his wife, of Scott county, Illinois, mortgage and warrant to the Union Central Life Insurance Company, a corporation, organized under the laws of Ohio, having its principal office in Cincinnati, Ohio, the following described real estate, situated in the county of Scott, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State." The considera-

tion for the note and mortgage deed was shown to be a check in the sum of $8000, made payable, and was paid, to Charles M. and Mabel Cooper and which was personally endorsed by each of them. On April 7, 1930, Mabel Cooper conveyed her undivided one-half interest in the real estate to the appellant, Robert Cooper, a brother of Charles. Default having been made in the payment of the interest upon the mortgage debt, the appellee, the Union Central Life Insurance Company, filed the bill for foreclosure of the mortgage. Robert Cooper by his answer set up the defense that Mabel Cooper did not mortgage her undivided one-half interest but merely released her inchoate dower and homestead interest in the undivided one-half interest of her husband, and this is the only question here involved.

While it is undoubtedly the rule, as laid down in *Strawn* v. *Strawn,* 50 Ill. 33, *Center* v. *Elgin City Banking Co.* 185 id. 534, and other cases cited by appellant, that where the owner of land in his own right executes a conveyance thereof, and his wife joins therein, in the usual mode prescribed by the statute, for the purpose of relinquishing her dower, and she has no other interest therein, although she joins with her husband in the covenants for title therein, she will not be bound by such covenants, yet where she has a separate interest in the land it will not be intended that she joins with her husband in a deed only to release dower because her name appears after that of her husband, where by the terms of the deed she conveys all her interest in the land. (*Lake Erie and Western Railroad Co.* v. *Whitham,* 155 Ill. 514.) Both Charles and Mabel Cooper had an interest in the premises mortgaged. In the granting clause of the mortgage they described themselves as "mortgagors," using the plural word. They used the plural form of the verbs "mortgage" and "warrant." It is apparent from the language of the mortgage itself that the wife did not join with her husband merely for the purpose of releasing her inchoate right of dower but by the language used

it was her intention to mortgage and warrant whatever interest she had in the land. To hold otherwise would do violence to the express language of the mortgage. Section 18 of the Conveyance act (Cahill's Stat. 1931, chap. 30, par. 19,) provides as follows: "Any married woman, being above the age of eighteen years, joining with her husband in the execution of any deed, mortgage, conveyance, power of attorney, or other writing of or relating to the sale, conveyance or other disposition of her lands or real estate, or to any interest therein, shall be bound and concluded by the same, in respect to her right, title, claim or interest in such estate, as if she were sole."

All of Mabel Cooper's interest in the land having been mortgaged to appellee prior to her conveyance of her undivided one-half interest to appellant, his interest in the premises is subject to the lien of the mortgage. The conditions of the mortgage having been breached the circuit court properly decreed foreclosure of the mortgage, and the Appellate Court did not err in affirming the decree of the circuit court.

*Decree affirmed.*

Mr. JUSTICE JONES took no part in this decision.