## Francis A. Butcher, Appellee, v. Albert May and Freda J. May, Appellants.

### Gen. No. 9,593.

Opinion filed August 9, 1948. Released for publication September 7, 1948.

HARRY G. STORY and EDWARD J. FLYNN, both of Jacksonville, for appellants.

WILSON & WRIGHT, of Jacksonville, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

In this case, plaintiff appellee recovered a judgment for $774.93 against defendants appellants, after trial before the court without a jury, as damages for an alleged conversion of certain crops.

It appears that plaintiff had been a tenant on the farm in question under a written lease expiring February 28, 1944, containing no provision for harvesting crops after the expiration of the lease. In October 1943, he planted certain acreage in rye and wheat, to mature in the summer of 1944. On November 1, 1943, certain grantors, including Maude N. Butcher and her husband, Francis A. Butcher, the plaintiff, conveyed by warranty deed the farm in question to defendants, Albert May and Freda J. May, which deed contained no reservation as to crops. On March 1, 1944, plaintiff moved from the premises and was denied, by defendants, the right to harvest the wheat and rye crops which matured in June 1944, which crops were in fact possessed and used by defendants, or one of them. This action followed, and defendants appeal from the judgment of the county court.

The first question presented is whether or not this conveyance of real estate carried with it the growing crops. The law is well settled that it does, where there is no reservation in the deed. (*Firebaugh v. Divan,* 207 Ill. 287; *Damery v. Ferguson,* 48 Ill. App. 224; *Carter v. Wingard,* 47 Ill. App. 296.)

It is next contended by plaintiff that there was a parol reservation of the crops at the time of the real estate transaction. Any such reservation would be inconsistent with the deed, and evidence concerning the same would be inadmissible. (*Damery v. Ferguson, supra; Smith v. Price,* 39 Ill. 28; *Powell v. Rich,* 41 Ill. 466.)

Plaintiff further contends that his wife was the owner in fee of a part interest in the farm and that his joining therein was for the sole purpose of releasing his dower and homestead interest. Therefore, he

argues, the deed would not pass his title in the growing crops. The case of *Union Central Life Ins. Co. of Cincinnati, Ohio v. Cooper,* 349 Ill. 256, conclusively settles this point and holds that where a wife appears as one of the grantors in a deed, she will be held to have conveyed whatever interest she had at such time.

The judgment of the county court of Morgan county is reversed and judgment entered herein in favor of defendants appellants for costs.

*Reversed. Judgment entered herein.*