JOHN BULL, Appellant, *v.* HORACE E. GRISWOLD, Appellee.

APPEAL FROM WINNEBAGO COUNTY COURT.

Although the question propounded to witness was proper, and his answer should have been permitted by the court, yet, if that witness and other witnesses have testified to the same fact, the case will not be reversed because of the error, in not allowing the witness to answer the particular question.

Growing crops are personal property, and subject to sale by parol agreement.

A lease of land by parol, for a term not exceeding one year, is valid.

Smart money may be awarded in an action of trespass to personal property, if it was willful.

If a trespasser cuts wheat, he cannot deduct from its value his labor while trespassing; but the plaintiff should recover as if himself had performed the whole labor of harvesting.

If standing crops are sold by parol, the possession is in the vendee, until it is time to harvest them.

THIS was an action for trespasses to real estate of appellee, with counts, for cutting and carrying away unthreshed wheat.

The cause was tried at June term, 1857. Verdict for appellee in $760.

Motion for new trial heard and denied.

The facts, necessary to a full understanding of this case, will be found sufficiently stated in the opinion of the court.

L. F. WARNER, for Appellant.

LOOP & LATHROP, for Appellee.

CATON, C. J. We do not feel called upon to review the evidence in this case for the purpose of showing that the jury were warranted in finding the facts as they did. It is sufficient to say, that we do not feel authorized to disturb the verdict on that

account. There was one question put by the defendant to the witness, Judd, which, we think, might properly have been answered; but the facts sought to be established by the question were, in a much more satisfactory manner, shown by the same and other witnesses in answer to other questions. The question was this: " What was it worth to cut, harvest, thrash, and take to Pecatonica station, the wheat in controversy?" The plaintiff had previously proved the value of wheat at that station, which was the nearest market, and the only legitimate purpose for which the question could have been allowed, was to show what was the value of the wheat standing in the field, by taking the value of harvesting and marketing the wheat from the price of wheat at the market. This same witness, and several others, did state directly the value of the standing wheat, and no wrong was done the defendant by refusing to let him do it indirectly.

The principal questions in the case arise on the instructions. The following instructions, given for the plaintiff, were excepted to:

" That the law is, that growing wheat is personal property, and the subject of sale by parol agreement, and that if the jury believe, from the evidence, that the defendant, Bull, after the execution and delivery of the deed to him from Griswold, stated that the wheat or crops in question belonged to the plaintiff, that such statement by Bull is evidence of a sale of the wheat in question, from said Bull to said Griswold."

" That a lease of land by parol, for a term not exceeding one year, is valid and lawful. And if the jury believe, from the evidence, that some time in the latter part of May, or first of June, 1856, and after the execution and delivery of the deed from Griswold to Bull, the defendant, Bull, by agreement with said Griswold, took and received of said Griswold the interest on the amount of certain notes from that date until the first of September then next, for the use of the premises in question to that time, that such agreement constituted a valid lease of the premises, and entitled the plaintiff, Griswold, to the possession of the premises from the date thereof until said first day of September."

" That if the jury believe, from the evidence, that the wheat in question was the property of the plaintiff, and that defendant willfully and maliciously cut and carried away the same, the jury, in assessing the plaintiff's damages, are not confined to the actual value of the wheat taken, but may award the plaintiff such sum, by way of damages, as in their discretion they may deem just."

" That if the jury believe, from the evidence, that the wheat in question was the property of the plaintiff, Griswold, and that

the defendant willfully cut and carried away the same, that the defendant is not entitled to receive or deduct from the value of the wheat so taken, the expense of harvesting the same, but the plaintiff is entitled to recover the full value thereof, the same as if he had harvested the same himself."

The first asserts the proposition that growing crops are so far personal property, that they may be sold and transferred by parol, and such is undoubtedly the well settled principle of law. They partake of realty, no doubt, so far as to pass by a deed of the land as incident to it, and so it is with many other articles, which are well settled to be personal property, as fixtures of trade, or machinery erected for mechanical purposes. It has long been settled beyond controversy, that a constable may sieze upon and sell growing crops, to satisfy an execution issued by a justice of the peace, and this only upon the ground that they are personal property. If this wheat was sold by parol, by the defendant to the plaintiff, that vested in him a good title, and the possession also, until it was time to harvest it, because the law could not require him to take manual possession of it till that time. To have done so, would have destroyed it.

The second instruction quoted, requires no comment. It merely repeats what the statute asserts, that a parol lease of land for one year or a shorter term, is valid.

The third instruction asserts the familiar principle, that for a willful trespass the jury may give smart money, and are not confined to the actual value of the wheat taken.

It is equally clear, that the fourth quoted, is correct. No one has a right to commit a trespass upon another, and then charge him for it. If it was the plaintiff's wheat before it was cut, it continued so after it was cut and hauled to the market, and was so when sold. At that time, the plaintiff might have brought replevin for it. But it is enough to say, that the tort feasor can, by the tortuous act, acquire no claim to compensation from the injured party. At the best, it is labor lost. And this is all which need be said upon the exception taken to the refusal of the court, to give the following instruction asked for the defendant: "That the law is in this case, that if the jury believe, from the evidence, that the defendant cut and carried away the standing wheat of the plaintiff, from the premises of the plaintiff, described in the declaration, that the rule of damages therefor is the value of the wheat as it stood on the said time of the trespass, and that in addition thereto, the jury are authorized to give such exemplary damages as in their judgment is right and just, considering the circumstances under which the same was done." If it was the plaintiff's wheat after it was cut, he was entitled to its value after it was in that condition, and was not

41

necessarily confined to its value at the time it was standing. The jury, it may be, might have taken the one or the other, as the measure of value.

Finally, the court refused the following instruction asked for the defendant: "That in the absence of evidence of the time of the delivery of a deed of conveyance of lands, the time the deed was filed for record in the county where the land lies, is *prima facie* the time of delivery of the same between the parties." This asserts an unheard-of proposition of law. There is not one case in ten thousand where the delivery of the deed and the filing of the same for record are simultaneous acts. The instruction was properly refused.

Several questions were reserved during the examination of the witnesses, none of which do we deem it necessary to notice, except the one first considered.

The judgment is affirmed.

*Judgment affirmed.*