# WHITING W. SMITH
## *v.*
## JAMES PRICE.

1. WHAT WILL PASS BY A DEED—*fruit-trees and ornamental shrubbery in a nursery.* While fruit-trees and ornamental shrubbery, grown upon premises leased for nursery purposes, would probably be held to be personal property, as between landlord and tenant, yet, as between vendor and vendee, such trees and shrubbery are annexed to and form a part of the freehold, and would pass with a sale of the land.

2. PAROL EVIDENCE—*verbal reservation of fruit-trees on sale of land.* It would be a violation of the most familiar rule of evidence to receive proof of a verbal arrangement contemporaneous with a written contract, and impairing its legal effect.

3. So where the owner of land upon which fruit-trees and ornamental shrubbery are growing for nursery purposes, executes a contract of sale for the land in such terms as to pass the trees and shrubbery to the purchaser, the vendor will not be permitted to show that there was a verbal agreement for their reservation, as that would be inconsistent with the legal import of the written contract between the parties.

4. INJUNCTION—*when allowable.* A purchaser of land upon which fruit-trees and ornamental shrubbery were growing for nursery purposes, being in possession under his contract of purchase, the vendor removed a part of the

shrubbery, and claimed the right, under a verbal reservation, to move much more. *Held*, this was a proper case for an injunction at the suit of the purchaser to restrain the vendor from removing any more trees or shrubbery from the premises.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

The case is stated in the opinion of the Court:

Messrs. WILLARD & GOODNOW, for the plaintiff in error.

Mr. H. K. S. O'MELVENY, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court.

This was a bill in chancery filed by Smith, plaintiff in error, to enjoin Price, the defendant in error, from removing certain fruit-trees growing in a nursery, and certain ornamental shrubbery, from a tract of land sold by the latter to the former. Price answered, (the oath to his answer having been waived,) and on the coming in of the answer a motion was made to dissolve the injunction. A replication was filed and the case seems to have been irregularly set down for final hearing at the same time with hearing the motion to dissolve, and to have been finally disposed of upon the pleadings, and the affidavits filed for and against the motion. As no exception was taken to this proceeding, it was probably had by consent. The court rendered a decree making the injunction perpetual as to a part of the trees, and dissolving it as to a part; and from this decree the complainant prosecutes a writ of error.

The defendant admits a sale of the land by himself to the complainant, and that the latter went into possession under the contract of purchase, but insists that one of the terms of the sale was a verbal reservation of the nursery trees and some other ornamental shrubbery. The proof made in the affidavits upon this point is uncertain and contradictory.

While fruit-trees and ornamental shrubbery grown upon premises leased for nursery purposes would probably be held

to be personal property, as between the landlord and tenant, yet there is neither authority nor reason for saying that, as between vendor and vendee, such trees and shrubbery would not pass with a sale of the land. They are annexed to, and a part of the freehold. As between vendor and vendee, even annual crops pass with the land where possession is given. *Bull* v. *Griswold*, 19 Ill. 631. Under the contract of sale and the delivery of possession by Price to Smith, the latter became the owner of the trees as well as of the soil, and it would be a violation of the most familiar rules of evidence to receive proof of a verbal arrangement cotemporaneous with the written contract and impairing its legal effect. The parties, in executing the written instrument, deliberately made it the exclusive evidence of the terms of their agreement. This instrument shows a sale of the land in such terms as to pass the trees. No reservation is made, and to permit the vendor now to show that there was a verbal agreement for their reservation, would be to permit him to prove a verbal contract, inconsistent with the legal import of that executed by the parties under their hands and seals. This the law forbids. We find nothing in the case to make it an exception to this familiar principle, and it is therefore unnecessary to advert to the evidence in detail. As the record shows that Price had actually removed a part of the shrubbery, and claimed the right to move much more, it was a proper case for an injunction, and the decree will be reversed and the cause remanded, with instructions to the court to proceed in conformity with this opinion.

*Decree reversed.*