# LAVINIA CREEL
## *v.*
# NANCY E. KIRKHAM.

1. LANDLORD AND TENANT—*or tenants in common of the crop.* Where a contract between the owner of land and another, provides that the former should furnish the land, seed and utensils for raising the crop, and the latter is to bestow his labor in that regard—the contract not giving to the latter a right of possession of the premises—the relation between the parties is not that of landlord and tenant, but they are simply tenants in common of the crop.

2. GROWING CROPS—*whether they pass on a devise of land.* Where the owner of land devises the same, there being a growing crop on the land at the time the title of the devisee vests, the crop being owned by the testator and another as tenants in common thereof, the portion of the crop which would have belonged to the testator, had he lived until it matured, would pass with the land under the devise, to the devisee, there being no reservation of the crop in the will.

3. ASSUMPSIT—*waiver of tort.* Assumpsit will not lie to recover property wrongfully withheld from the owner; but when it has been sold and converted into money or money's worth, the owner may waive the tort, in wrongfully taking or withholding the property, and sue in assumpsit for money had and received for his use.

4. So, where a crop which belonged to the devisee of land, was taken by the executor of the testator, and delivered to the widow, as personal property belonging to the estate, and the widow refused to surrender it to the devisee, it not appearing that she had converted the crop into money or money's worth, the devisee cannot maintain assumpsit against the widow for the value of the crop, but must resort to an action of replevin or trover.

APPEAL from the Circuit Court of Clinton county; the the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, brought in the court below, by Nancy E. Kirkham, against Lavinia Creel. The facts out of which this alleged cause of action arose, are as follows :

Benjamin Creel, by his last will, had devised to the plaintiff a tract of land upon which there was a crop of wheat growing, at the time of the testator's death. The crop was owned by testator and a third person, as tenants in common of the crop. The executor under the will had the portion of the crop belonging to the testator appraised as personalty belonging to the estate, and delivered the same to his widow, the defendant in this case, and this action is brought to recover the value of the wheat so delivered to the widow. A trial resulted in a finding and judgment for the plaintiff, and thereupon the defendant took this appeal.

Mr. H. K. S. O'MELVENY, and Mr. W. A. J. SPARKS, for the appellant.

Mr. W. H. UNDERWOOD, and Mr. G. VAN HOOREBECK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Benjamin Creel, by his last will, in April, 1866, devised to Nancy E. Kirkham a tract of land upon which a crop of wheat was then growing; that devisor died in that month, and his will was duly probated; that devisor had, previous to his death, entered into a contract with one Hahn to furnish the land, plows, seed, team and supplies for the team, and Hahn to furnish his labor, put in and cultivate the crop of wheat and, when threshed, to be equally divided between them.

44—47TH ILL.

That the wheat raised on the land devised to appellee, was harvested and threshed, and had Creel been then living, his half would have been 166½ bushels, and that one-half of the crop was delivered to the executor of the will, who had it appraised and set off to appellant as the widow of Creel; that the wheat was worth two dollars per bushel; that Hahn resided on the land a part of the time after he sowed the wheat in the fall of 1865, but did not acquire the right under the agreement in reference to the crop; that the ground upon which the wheat was grown formed a part of the home farm of testator, who cultivated the balance.

The case having been submitted to the court for trial, without the intervention of a jury, by consent of the parties, the issues were found for appellee, and the damages assessed at $333. A motion for a new trial was entered, but was overruled by the court, and judgment was rendered for appellee, and the case is brought to this court by appeal and a reversal is demanded.

This record presents the question whether the portion of the crop to which the devisor would have been entitled under the contract, became assets in the hands of the executor, or passed to the devisee as an incident to the land. The principle is fully recognized that accruing rents under an unexpired lease, pass to the purchaser under a deed, unless they are expressly reserved to the vendor. And a crop which had matured, and been cut and stacked, but the portion which was to be paid to the landlord as rent, had not been delivered to him, and the time for its payment had not elapsed, was held to pass to the grantee by a conveyance. *Dixon* v. *Niccolls*, 39 Ill. 372.

It is, also, a well recognized rule, that on the death of an intestate, the rent passes to the heir and not to the administrator. *Crosby* v. *Loop*, 13 Ill. 625; *Green* v. *Massie*, ib. 363; *Foltz* v. *Prouse*, 17 Ill. 487; *Dixon* v. *Niccolls*, *supra*. Accruing rent is an incident which passes with and attends

the reversion, unless expressly reserved. It is however, said that this was not a leasing or reservation of rent, but that it was a tenancy in common of this crop, and hence does not fall within the rule. In some of the courts of the Union, it has been held that the letting of land for a single year and for a share of the crop, is not a lease, and that the specific portion of the crop does not constitute rent. Rent is defined to be a certain yearly profit in money, provisions, chattels, or labor, issuing out of lands and tenements, as a compensation for the use, and it cannot issue out of a mere privilege or easement. And at common law there were various kinds of rent. 3 Kent, 460. It will be perceived that at this day, this definition is not strictly accurate, as leasing for a shorter period than a year, and the recompense paid for the use of lands or tenements is fully recognized as rent, and by statute or otherwise, has all the incidents of rent, without reference to the fact that the letting may be for a month, a quarter, a half year, or other period less than a year.

In the case of *Alwood* v. *Ruckman*, 21 Ill. 200, this court held, that a letting for one year, with a reservation of rent in kind, created a tenancy for a year; and in *Dixon* v. *Niccolls*, *supra*, the same rule was recognized and applied. In those cases, however, the tenants had possession of the premises, as though their leases had been for a term of years, which it is insisted distinguishes those cases from this. It has been held that if land be let upon shares, for a single crop only, that does not amount to a lease; and the possession remains in the owner. The occupant is, however, a tenant in common with the owner, of the growing crop, and continues so until the tenancy be severed by division. But if the contract be, that the lessee possess the land, with the usual privileges of exclusive enjoyment, it is the creation of a tenancy for a year, although the land be taken to be cultivated on the shares. 4 Kent, 95, and authorities cited. According to this rule, and it seems to recognize the true distinction between a

tenancy for a term, and a mere joint undertaking for the cultivation of a single crop, on the shares, the contract we are now considering did not create a tenancy in the realty, but simply constituted the parties tenants in common of the crop. This being the case, what was the effect of the devise of the land upon which the crop was growing when it vested the title in the devisee? Had Creel owned the entire crop, and had he made this devise, there can be no question that it would have passed with the freehold. Then owning the undivided half, growing upon the soil and dependent upon it for sustenance, when the title vested in the devisee, why should not that undivided half pass as effectually as if the entire crop had been owned by the devisor? If such a devise would pass the whole, why not the part? Whatever may have been the nature of Hahn's title to his half, and he was the owner to that extent, Creel's half was annexed to, and savored of, the realty. Had Creel sold to Hahn an undivided half of the timber standing on a portion of his farm, and had subsequently sold, devised, or died intestate, would any one for a moment deny that the purchaser, devisee, or heir, would have taken testator's half and held it as tenant in common with Hahn. Until severed, the half belonging to the owner of the freehold, is a part of the realty. And so of the growing crops. No proper distinction is perceived between the two cases. Then even if the half of the crop reserved to testator could have been held to be rent it would have passed by the devise; but being a growing crop, although but an undivided half, it must be held to have followed and passed with the fee, to the devisee. It then follows that the court below decided correctly in allowing the value of the wheat to appellee, as it became her property under the devise, and the judgment must be affirmed.

At the June term, 1869, upon the petition of the appellant for a re-hearing, a re-argument of this cause was had, and the following additional opinion of the court was filed:

PER CURIAM: On considering the petition for a re-hearing in this case, we are not altogether satisfied with the conclusions at which we arrived when the case was previously before the court; and we deem it proper to notice one or two questions not referred to in the opinion then filed, and to add some additional considerations for the conclusions at which we have now arrived.

In the case of *Dixon* v. *Niccolls*, 39 Ill. 372, it was said, that where a crop had been raised, and was owned in common by the owner of the land and the person who cultivated it, and the owner conveyed the land after it was matured and harvested, and there was no reservation in the deed, it did not pass by the conveyance. This we regard as undoubted law. After the crop has matured and been severed from the soil, it becomes personalty, and no longer savors of the realty; but while growing, and not severed from the soil, unless expressly reserved, it passes with the land by a conveyance. In this case, however, the crop was growing, and not severed, when the title passed to the devisee. Thus it is seen that the two questions are widely different.

It was also urged that the action for money had and received, would not lie, as it does not appear, from the evidence in the case, that the wheat had been sold by appellant, or converted into money or money's worth, before the suit was brought. In deciding the case before, we omitted, from inadvertence, to consider appellant's third point, which is, that assumpsit will not lie, but the action should have been replevin or trover. Upon a careful examination of the record, we fail to find any evidence that the wheat was ever sold or converted into money; and the rule of practice is believed to be uniform, that assumpsit will not lie to recover property wrongfully withheld from the owner; but when it has been sold or converted into money, or money's worth, the owner may waive the tort in wrongfully taking or withholding the property, and sue in assumpsit for money had and received

for his use.   But in this case, as no money appears to have been received, the  action cannot be  maintained.   Nor was it necessary that  appellant  should have  presented the  question below, as it was the  duty of  the  Judge who tried  the  cause to  have rendered such a  judgment only as was warranted by the evidence.

It is true, the  distinction  between the  various  forms of action may  be  merely formal and  purely  technical, but still such distinctions  have been  fully established and  recognized by the  common law from  the  earliest period of its  history. Those distinctions are too firmly established to be disregarded, and we must administer the  law as we  find it, and leave it  to another department of  the government to make changes when required.   For the  error indicated, the judgment of  the court below must be  reversed and the cause remanded.

*Judgment reversed.*