# HILLERY S. TALBOT

*v.*

# ROBERT HILL *et al.*

1. EMBLEMENTS—*lost when tenancy is terminated by the act of the tenant.* Where a tenancy for an uncertain period is terminated by the act of the law, the tenant is entitled to emblements; but where it is terminated by act of the tenant, he has no emblements.

2. SAME—*right of dowress to, after sale of land by her consent.* Where a dowress, in possession of land on which she had sown a crop of wheat, in a suit for partition, consented that her dower in the premises might be sold, which was accordingly done, and she received one-seventh of the proceeds of the sale in lieu of her dower, it was *held*, that the growing crop passed by the sale to the purchaser, and that she could not claim the same as emblements, as her estate was terminated by her own act in consenting to the sale and taking a share of the proceeds.

3. VENDOR AND VENDEE—*whether growing crop passes.* As between vendor and vendee, growing crops are real estate, and, unless reserved, pass to the purchaser by a deed of the land as being annexed to and forming a part of the freehold.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. WILDERMAN & HAMILL, for the plaintiff in error.

Messrs. C. W. & E. L. THOMAS, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of replevin, brought by Hillery S. Talbot, against Robert Hill and Elizabeth, his wife, for a quantity of wheat.

In the spring of 1870, John Martin died seized of the land upon which the crop of wheat in question was grown, and at the time of his death resided on the land. He left, surviving him, his widow, the defendant Elizabeth Hill, and two children. In September, 1870, the said Elizabeth put in the crop

in question.  In October, 1870, she, with one of the children
of the said John Martin, deceased, filed a bill in chancery for
partition and assignment of her dower in the land.  At the
October term, 1870, of the St. Clair circuit court, there was
a decree of partition and assignment of dower, and commis-
sioners were appointed to make the partition and set off the
dower, who reported that they could not do the same without
manifest prejudice to the proprietors; whereupon, the decree
reciting that it appearing to the court that Elizabeth Martin
had released her dower in writing, it was ordered that one-
seventh of the proceeds of the land be paid to her in lieu of
dower, and a commissioner was appointed to make sale of the
land at public auction, and on such sale to execute to the pur-
chaser a deed conveying all the right, title, interest and es-
tate of the parties to the suit in and to the land, and to pay
to the said Elizabeth one-seventh of the purchase money.  The
commissioner, in pursuance of the decree, sold the land on
the 15th day of April, 1871, to Hillery S. Talbot, the plaintiff,
for the sum of $1867, and executed to him a deed on the 22d
of April, 1871.  The said Elizabeth harvested the crop and
took the same as her own, by her husband, Robert Hill, as
her agent.

The only question presented on the record is, as to the
ownership of the wheat in question, whether, under the fore-
going state of facts, it was, after the sale and deed, in the
defendant Elizabeth, or in the plaintiff, Talbot.

By our dower act, a widow is entitled to retain the full pos-
session of the dwelling house in which her husband most
usually dwelt next before his death, together with the out-
houses and plantation belonging to it, free from molestation
and rent, until her dower is assigned.  The statute under
which the release of dower was made, and the award of one-
seventh part of the purchase money in lieu of dower, provides
that, under the like circumstances, as in this case, the widow
may consent to a sale, in which case the commissioner shall
sell the premises disincumbered by any right of dower of

such widow, and the court shall award to the widow a proportion of the purchase money not exceeding one-seventh, nor less than one-tenth part of the net amount of the sale, and that such award of payment shall be a sufficient bar to all rights of dower which the widow may claim in the land. Laws 1867, p. 156.

It seems to be conceded by counsel on both sides that the tenancy in dower in this case was for an uncertain period, and that, where such a tenancy for an uncertain period is terminated by the act of the tenant, he has no emblements ; and the point of difference is, whether the tenancy here was terminated by the act of the tenant, or by the act of the law. The defendants in error contend that it was terminated in the latter mode ; that, although the suit for the assignment of dower was the act of the tenant, yet the decree of court assigning dower and terminating the tenancy was the judgment of the law—citing Taylor's L. & T., sec. 535, in support of such view. But we are unable to take any other view in the present case than that the estate in dower was here put an end to by the act of the dowress herself. It was only through her own voluntary consent thereto that a sale of the land was had, disincumbered by any right of dower, or that an award was made to her of a proportion of the proceeds of the sale, which the statute declares shall be a sufficient bar to all rights of dower which she might claim in the land.

Her claim to the wheat is by virtue of her right of dower, but all such right she has parted with by her voluntary consent, and accepted a sum of money as a substitute therefor.

Her release of dower in connection with the commissioner's sale and deed of the land, and her acceptance of one-seventh part of the proceeds of the sale, created, essentially, the relation of vendor and purchaser between herself and the purchaser at the sale.

As between vendor and vendee, growing crops are real estate, and, unless reserved, pass to the purchaser by a deed of the land as being annexed to and forming a part of the

freehold. *Bull* v. *Griswold,* 19 Ill. 631 ; *Smith* v. *Price,* 39 id. 28; *Powell* v. *Rich,* 41 id. 466.

The commissioner sold all the right, title, interest and estate of the parties to the suit in the land, and it must be supposed that the growing crops entered into the view of the purchaser, and formed part of the consideration of the purchase price which he paid for the land.

We are of opinion that the wheat in controversy belonged to Talbot as purchaser of the same at the commissioner's sale.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT dissenting.