## RICHARD SUGDEN

## v.

## EMILY J. BEASLEY.

1. SUIT ON BOND—PLEA OF NON EST FACTUM.—In a suit upon an appeal bond the plea of *non est factum* goes to the whole declaration, and only puts in issue the execution of the bond. The plaintiff therefore has only to produce the bond and prove the amount of damages. All other material matters averred are admitted upon the record, and with these the jury has nothing to do. The court should treat them as true.

2. PLEA OF ACCORD AND SATISFACTION—BURDEN OF PROOF.—Under such a plea the burden of proof is upon the defendant, the plea being an affirmative one.

3. ALLEGATION OF DISMISSAL OF APPEAL.—In a suit upon an appeal bond, an allegation that the appeal was dismissed, and this fact not being denied by the defendant, it is error to instruct the jury to find for the defendant, unless it is shown that the appeal had been disposed of adversely to the appellant.

4. ASSIGNMENT OF BREACHES.—Each assignment of breaches is regarded as a declaration, and is to be pleaded to as such. The defendant may deny or confess and avoid in several pleas the facts set up in the several assignments, and thus form an issue or issues the same as if there were so many separate counts, but the entire assignment must be answered.

5. SETTING OUT BOND.—It is not necessary to repeat the substance of the bond as an inducement to every breach, but when the substance is once set out, that is a sufficient inducement upon which to assign several breaches.

6. ALLEGATION OF RENT DUE.—A plea to an assignment of breaches which claims rent due and unpaid, the plea denying that any rent became due the plaintiff as alleged, is good, and puts the plaintiff to proof of the relation of landlord and tenant between himself and some person as his tenant of the land in dispute, before he could recover rent *eo nomine*.

7. PURCHASER UNDER TRUST DEED—CROPS.—A purchaser under a deed of trust is entitled to the crops growing on the land at the time of the delivery of the deed to him, in preference to the mortgagor or any one claiming under him.

ERROR to the County Court of Champaign county; the Hon. J. W. LANGLEY, Judge, presiding. Opinion filed June 21, 1881.

Mr. E. L. SWEET for plaintiff in error; cited Miller v. S. M. Co. 79 Ill. 450; Schill v. Reisdorf, 88 Ill. 411; Willenborg

v. Murphy, 40 Ill. 46; Arnott v. Freil, 50 Ill. 174; Smith v. Whittaker, 11 Ill. 417; Shaw v. Havekluft, 21 Ill. 127; George v. Bischoff, 68 Ill. 236.

Mr. FRANCIS M. WRIGHT, for defendant in error; that the obligees were required to assign breaches, this being a penal bond, cited Patrick v. Rucker, 19 Ill. 429; Hibbard v. McKindley, 28 Ill. 240.

Each assignment of breaches is regarded as a declaration and should be pleaded to: Burroughs v. Clancey, 53 Ill. 30; Safford v. Miller, 59 Ill. 205.

The crops on the land were personal estate and did not pass to the purchaser under the trust deed: Reed v. Johnson, 14 Ill. 257; Graff v. Fitch, 58 Ill. 373; Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland, 84 Ill. 473; Carpenter v. Jones, 63 Ill. 517.

Annual crops pass only where possession is given: Smith v. Price, 39 Ill. 28.

They do not pass with the land if matured: Powell v. Rich, 41 Ill. 466; Hecht v. Dittman, 13 Chicago Legal News, 127.

The mortgagor is not required to account for rents and profits while in possession: M. V. & W. R'y Co. v. U. S. Ex. Co. 81 Ill. 534; Moore v. Titman, 44 Ill. 358.

McCULLOCH, J.—Plaintiff in error brought suit upon an appeal bond given in an action of forcible detainer by Thomas C. Beasley, as principal and defendant in error as surety, the latter alone being served with process. Upon trial in the court below, judgment was rendered in favor of the defendant and the plaintiff now brings the cause to this court by writ of error.

The appeal bond upon which the suit is brought, recites a judgment rendered on the 3d day of November, A. D. 1879, against Thomas C. Beasley, Edward Bassett, John W. Miller and Levie Hoover, all of whom except Hoover, had appealed to the circuit court, and is so conditioned that if the said appellants should prosecute their appeal with effect, and should pay all rent then due or that should become due before the

final termination of the suit, and all damages the plaintiff might sustain by reason of the withholding of the premises, or by reason of any injury done thereto during such withholding, together with all costs until the recovery of possession in case the judgment should be affirmed or the appeal dismissed, then the said bond to be void, otherwise to remain in full force and effect.

Breaches are assigned upon the several conditions of the bond as follows: (1) That appellants failed to prosecute their appeal with. effect, and the same was dismissed at the March term, A. D. 1880, of the circuit court; (2) That a large amount of rent became due the plaintiff before the termination of the suit, which had not been paid; (3) That although said appellants had withheld the possession of the premises from the plaintiff from the 3d day of November, A. D. 1879, to the 19th day of January, A. D. 1880, yet they had not paid the damages occasioned thereby, nor for the injury done said premises during that time, nor the costs of said suit, although during that time said premises were greatly despoiled of a large amount of herbage, grain and corn, grown and then standing thereon.

The defendant filed several pleas, only two of which need now be mentioned. The first is a plea of *non est factum*, and goes to the whole declaration. The fifth is a plea of accord and satisfaction as to so much of the declaration as charges Thomas C. Beasley with the withholding of said premises from the plaintiff, and alleges that immediately after the execution of said bond, said Beasley turned over the possession to plaintiff, who accepted the same in satisfaction and in full discharge of the condition of the bond, requiring restitution. Issues were joined and a trial had upon the declaration and these two pleas.

The fifth plea being an affirmative one, the burden of proof upon that issue was upon the defendant. The plea of *non est factum* only put in issue the execution of the bond. Rudesill v. Jefferson County, 85 Ill. 446; Smith v. Lozano, 1 Bradwell, 171. All the plaintiff had to do in the first instance, therefore, was to produce the bond and prove the amount of his damages,

as charged in the declaration. All other material matters charged in the declaration were admitted upon the record, and with these the jury had nothing to do. That which is admitted by the pleadings constitutes no part of the issues to be tried by the jury, but the court should treat the same as true. No evidence need be produced to prove it, nor can the party making the admission be heard to controvert it; nor can the jury be directed to look into the pleadings to find out what is admitted, but the court should take the admission as true, and submit only disputed matters of fact to the jury. It being alleged in the declaration that the appeal had been dismissed, and this fact not being denied, it was error in the court below to instruct the jury, as was done, that they should find for the defendant unless it had been shown by the evidence that the appeal had been disposed of in the circuit court adversely to said Thomas C. Beasley. It was also error to refuse some, and to modify others of the plaintiff's instructions in this particular.

Defendant in error also assigns cross-errors by leave of the court. The court below seems to have treated the case as if all matters alleged in the several breaches were sufficiently answered by the plea of *non est factum*, which we have seen is not the case.

No injury, therefore, has as yet resulted to defendant from this ruling of the court, for she had the full benefit of her pleas upon the trial. But as we hold the allegations contained in the several assignments of breaches to be admitted unless specially denied, the defendant may not have the same advantage upon the next trial.

We will therefore consider these pleas.

Each assignment of breaches is regarded as a declaration, and is to be pleaded to as such. Safford v. Miller, 59 Ill. 205; Burroughs v. Clancy, 53 Ill. 31. It is not necessary to repeat the substance of the bond as an inducement to every breach; but when the substance of it is once set out, that is a sufficient inducement upon which to assign several breaches. A single plea of *non est factum*, or any other plea relating to the bond itself, will therefore be an answer to the whole declaration. But the defendant may deny or confess and avoid in several

pleas the facts set up in several assignments of breaches, and in this manner form an issue or issues upon each, as if there were so many separate counts in the declaration.

The second plea was too general in its terms, and we think the demurrer was properly sustained to it.   Mix v. The People, etc., 86 Ill. 329.   The third plea goes only to that assignment of breaches which claims rent to be due and unpaid, and denies that any rent became due the plaintiff as alleged.   This, we think, was a good plea to that assignment, and would have required the plaintiff to prove the relation of landlord and tenant to have been subsisting between himself and some person as his tenant of the land in dispute before he could recover rent *eo nomine.*

The fourth plea professes to cover so much of the assignment of breaches as claims damages for withholding the premises in the declaration mentioned, and says, *actio non,* because the plaintiff was not in any manner damaged thereby, and that said premises were not wrongfully withheld by said Thomas C. Beasley.   There is no allegation in this assignment that the premises were wrongfully withheld by Thomas C. Beasley, but that they were withheld by the appellants (several being named in the bond), to the great damage of the plaintiff.   This last averment is therefore not responsive to anything alleged in the declaration.   The denial that plaintiff has sustained damage by reason of such withholding, does not cover the whole assignment.   The damages there claimed are not only those which plaintiff sustained by reason of the withholding of the premises, but those also which arose from injuries done to the same during such withholding.   While it is, no doubt, true, that these two classes of damages might have been made the basis of two separate assignments of breaches, yet that has not been done, and when the defendant attempts to answer the breach he must answer the whole.

As each several assignment of breaches stands in the place of a count, the rules of pleading require that the entire assignment should be answered.   But it is not necessary that the defendant should put in the same answer to every part of the assignment any more than that he should put in the same

answer to every part of a count. While it is true he may plead payment as to part, tender as to part, etc., and deny the balance, yet it is equally true that the whole count or assignment must be answered. This we think the plea in question does not do, and for that reason the demurrer to it was properly sustained.

Defendant also assigns for error that the court erred in giving the instructions for the plaintiff, and in refusing those for the defendant, upon the point as to whether the corn upon the premises was personal property, and as to the right of the plaintiff to recover therefor. The plaintiff introduced his bond, and then proved as part of his damages that at the time the bond was given nearly all the corn raised on the place during that year was standing on the stalk in the field, and that after the filing of the bond, and before the premises were surrendered to him, the same was taken away. The defendant then showed a sale of the premises to plaintiff on the fourth day of October, A. D. 1879, under a deed of trust made by Joseph T. Beasley, on the 19th day of October, 1876, and then proved that Thomas C. Beasley held the premises under said Joseph T. Beasley, and that the other defendants in the forcible detainer suit, held by sub-lease from him. She further offered evidence tending to show that at the time of the trustee's sale to plaintiff, the crop had matured, and was ripe for harvesting. Under these circumstances her counsel contended that the crops were personal property and belonged to the tenants, and therefore plaintiff could not recover their value in this action.

The title passed to plaintiff by defendant's own showing on the fourth day of October, A. D. 1879, and on the third day of November next thereafter plaintiff established his right to the possession by the judgment of the justice of the peace. The corn was then standing on the ground. The tenants then in possession were not the tenants of the plaintiff, nor had they any right of possession superior to his, for that question was settled in the action of forcible detainer. As tenants of Joseph T. Beasley, the mortgagor, they could have no greater rights as against the purchaser under the deed of trust than their land-

lord would have had if he had been in possession. The ques-
tion therefore is not one between landlord and tenant, but one
respecting the rights of a purchaser under a deed of trust
against the maker of the deed as to the ownership of the crops
on the ground when the title passes.

The deed of trust created a lien upon the realty as against
the maker of the deed and all persons claiming under him by
subsequent grant or demise. In such case the general rule is
that, "the purchaser is entitled to the crops growing at the time
of the delivery of the deed to him in preference to the mort-
gagor or any one claiming under him, whose claim originated
subsequently to the mortgage. 2 Jones on Mortgages, § 1658;
1 Id. 780.

The Supreme Court of this State has repeatedly held that
without a reservation in the deed or will, the crop goes with
the land by grant or devise. Powell v. Rich, 41 Ill. 466; Smith
v. Price, 39 Ill. 28; Dixon v. Nichols, Id. 372; Creel v. Kirk-
ham, 47 Ill. 344; Bull v. Griswold, 19 Ill. 631; Talbot v. Hill,
68 Ill. 106.

This court has also held that if the land be sold for condition
broken before severance, the purchaser will be entitled to the
growing crops, not only as against the mortgagor, but against
all persons claiming in any manner through or under him
subsequent to the recording of the mortgage. Rankin v. Kin-
sey, 7 Bradwell, 215; Harmon et al. v. Fisher, May Term,
1881. [*Ante* 22].

The fact that the crop was matured and ready for harvest-
ing can make no difference, for as soon as the right of pos-
session in the purchaser under the deed of trust has accrued,
even matured crops belong to him. Anderson v. Strauss, Sup.
Ct., June, 1880.

Plaintiff's right of possession became perfect on the deliv-
ery of the trustee's deed to him; he asserted his right to the
possession by bringing the suit, and recovered judgment for
possession on the third day of November, from which judg-
ment an appeal was taken, which kept plaintiff out of pos-
session until the corn was gathered. Plaintiff only claims
damages for the period intervening between the filing of the

bond and the dismissal of the appeal. There can be no claim interposed that the tenants remained in possession by his sufferance, but they were there as wrongdoers. The corn belonged to plaintiff in so far as it had not been severed from the land when plaintiff's title matured, and in so far as the same was severed and carried away after the filing of the bond, defendant is liable therefor.

We see no error in the ruling of the court upon this point at all injurious to defendant. But for the errors herein indicated, the judgment of the court below will be reversed and and the cause remanded, with leave to the parties to amend their pleadings so as to conform to the views herein expressed.

Reversed and remanded.