## Damery v. Ferguson.

1. *Conveyance of Land—Reservation of Crops.*—Crops produced by annual planting and cultivation are in some instances deemed real es-

tate, and in others personalty, depending largely upon the character and capacity in which the contracting parties claim them.

2. When the parties occupy the position of vendor and vendee, the rule is well established that growing crops not severed from the soil are real property and pass to the vendee unless reserved in the deed.

3. Matured crops, if severed from the soil, become personalty and do not pass by a deed, but crops not severed, whether ripe or unripe, pass to the vendee by the deed as being annexed to and forming a part of the freehold.

4. *Reservation by Verbal Agreement.*— Reservation by a verbal agreement entered into prior to the execution of the deed is not binding, and evidence thereof is not admissible.

Memorandum.—Replevin for crops reserved from a conveyance of the land by a verbal agreement. Appeal from a judgment for defendant rendered by the Circuit Court of Christian County; the Hon. JESSE J. PHILLIPS, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## APPELLEE'S STATEMENT OF THE CASE.

Appellant, Damery, in the spring of 1890, owned forty acres of land in Christian County, Ill., on which he planted and tilled the thirty-four acres of corn in question. On September 19, 1890, he sold the land to appellee, Ferguson (the corn standing thereon), and that day executed and delivered to Ferguson a general warranty deed, in the usual form, without reservation, for the land. The next day, September 20, 1890, Ferguson placed the deed on record, and about three or four o'clock in the afternoon of the same day went on the land, walked through the field of corn, husked some of it, went to the house on the land, which was occupied by a Mr. Travis (who had rented the same by the month and the four or five acres not in corn, from Damery), and gave Travis a notice, in writing, as follows: "I want you to take notice that I have this day taken possession of this forty acres of land, which I bought of Damery, and hereafter I am your landlord." Thereafter Travis paid the rent to Ferguson. Damery did not live on the land at any time in the season of 1890, but lived in Macon County, three miles away.

Damery replevied the corn from Ferguson while it was

still standing in the field, in November, 1890. The trial was by jury, and the court directed verdict for defendant. Plaintiff appeals and presents to this court two questions only, viz:

1st.   Did the court err in sustaining defendant's objection to plaintiff's offer to prove what plaintiff claimed to be the verbal agreement, the day before the deed was made, when the land trade was agreed upon, as to the crop of corn in question?

2d.   Did the court err in sustaining defendant's objection to plaintiff's offer to prove that at the time the deed was made the crop of corn was fully matured and no longer dependent upon the soil for sustenance?

### APPELLANT'S BRIEF.

An examination of the authorities shows that the products of annual planting, or the *fructus industriæ*, are regarded both ways, sometimes as real, and sometimes as personal, estate, depending very much upon the character and capacity in which the respective parties claim them. There is no rule by which to determine, in every case, when they are to be deemed personal, and when real, estate; and the present case may, as we conceive, be decided either way without any violence of principle, and upon respectable authorities.   Reed v. Johnson, 14 Ill. 257.

As between landlord and tenant, between debtor and creditor, and under our statute as between the executor and heir, growing crops are personal property.   But between a trespasser and the owner of the soil, and a vendor and vendee, they are real estate.   And it has been uniformly held, that by a conveyance of land, without a reservation in a deed, the crops and all things depending upon the soil for sustenance, belong to and pass with the land. After the crops have been matured, however, it is otherwise; but until they are matured, they constitute such an interest in the real estate as to bring them within the statute of frauds. Powell v. Reish, 41 Ill. 466.

A. McCASKILL & SON and FRANK P. DRENNAN, attorneys for appellant.

Damery v. Ferguson.

### APPELLEE'S BRIEF.

On a sale of land the writing is the only evidence of the contract, and a verbal reservation is not binding or even admissible in evidence, on trial as to the same. Smith v. Price, 39 Ill. 30; Powell v. Rich, 41 Ill. 466; Purdy v. Rakestraw et al., 13 Ill. App. 480.

The execution and delivery of the deed carried with it the right to immediate possession. Sec. 9, Chap. 30, Starr & Curtis' Stat. Ill., Vol. 1, p. 574; Purdy v. Rakestraw et al., 13 Ill. App. 480.

Matured crop standing on the land is a part of the realty. Sugden v. Beasley, 9 Ill. App. 77; Anderson v. Strauss, 98 Ill. 485; Smith v. Price, 39 Ill. 28; Carpenter v. Jones, 63 Ill. 517; Talbot v. Hill et al., 68 Ill. 106; McGinnis v. Fernandes, 135 Ill. 73; Creel v. Kirkham, 47 Ill. 349; Talbot v. Hill et al., 68 Ill. 106; Tripp v. Hasceig, 20 Mich. 254.

A. THORNTON, J. E. HOGAN and J. G. DRENNAN, attorneys for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

On the 19th of September, 1890, Damery conveyed to Ferguson a certain forty-acre tract of land in Christian County upon which there was standing ungathered the crop of corn produced that season. The deed was in the usual form, with full covenants of warranty and without reservation of the crop. Ferguson entered into possession under the deed.

Damery claimed that by verbal agreement entered into before the execution of the deed, the corn was reserved to him and did not pass with the land, and began an action of replevin to recover the corn. The corn, when the suit began, was still standing ungathered in the field.

Upon the trial the court refused to allow Damery to offer proof as to the alleged verbal reservation of the corn and also refused to admit proof offered by Damery, for the purpose of attempting to prove that the corn at the time the deed was made was fully matured and no longer depend-

ent upon the soil for sustenance.   These rulings of the court are the only questions presented by the record.

Crops produced by annual planting and cultivation are in some instances deemed real estate and in others personalty, depending largely upon the character and capacity in which the contending parties claim them.

When the parties occupy the position of vendor and vendee the rule is well established in Illinois that growing crops unsevered from the soil are real estate and pass to the vendee by the deed, unless reserved in the deed.   Talbot v. Hill, 68 Ill. 106.

Reservation by a verbal agreement entered into prior to the execution of the deed is not binding and evidence thereof is not admissible.   Smith v. Price, 39 Ill. 28.

Matured crops, if severed from the soil, become personalty and do not pass by a deed, but crops not severed, whether ripe or unripe, pass, we think, to the vendee by the deed as being annexed to and forming a part of the freehold.   2 Blackstone's Com., 122, note 3; Broom's Legal Maxims, margin 354; Killredge v. Woods, 3 N. H. 503; Heavilon v. Heavilon, 29 Ind. 509; 4 Kent's Com., 468; Tripp v. Hasceig, 20 Mich. 254.

We are aware that an inference in favor of a contrary rule as to matured crops may be drawn from a remark of the court in Powell v. Rich, 41 Ill. 466.   The question before the court in that case concerned growing crops. The remark is therefore but mere *dictum*, and opposed, as we think, to the great weight of authority and to the better reason.   The rulings of the Circuit Court, in our opinion, were correct, and its judgment is affirmed.