In re Estate of Clinton D. Ellsworth, Deceased.
Esther M. Watkins, Appellant, v. Henry C. Warner,
Executor of Last Will and Testament of Clinton
D. Ellsworth, Deceased, Appellee.

Gen. No. 9,638.

Opinion filed April 25, 1941.

DIXON, DEVINE, BRACKEN & DIXON, of Dixon, for appellant; J. C. RYAN, of Dixon, and ROBERT L. BRACKEN, of counsel.

ELWIN M. BUNNELL, *pro se.*

MOREY C. PIRES, of Dixon, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Clinton D. Ellsworth died on or about the 15th day of September, A. D. 1938, and at the time of his death, resided in Lee county in the State of Illinois. He left him surviving Esther M. Watkins, his daughter, the appellant, as his only heir-at-law. His last will and testament was admitted to probate in the county court of Lee county on the 21st day of September 1938. The testator, after making certain devises and bequests provided by the third and fourth clauses of his will,

that his daughter, Esther M. Watkins, the appellant in this case, should have the net income from all the rest, residue and remainder of the property owned by him at the time of his death, for, and during the term of her natural life. Part of the remainder of the property, owned by the testator at the time of his death, was a farm of 160 acres situated in Lee county, Illinois, which was occupied by the testator at the time of his death, and upon which there was then growing a crop of corn. This corn was later harvested by the executor of the estate, and the net proceeds therefrom, in the amount of $1,010.99, was collected by the executor, and held by him as a part of the residuary estate. The executor filed a report in the county court setting forth the items of receipt and expense, and among them this item of $1.010.99. Esther M. Watkins filed objections to the report, and insisted that the proceeds for the sale of the corn was no part of the estate, but belonged to her as income from the farm, as given her by the will of her father. The county court overruled her objections, and entered an order approving the report. From this order, an appeal was perfected to the circuit court of Lee county, and after a hearing the circuit court entered an order overruling the objections of the appellant to the executor's report, and allowed the executor of the last will and testament of the deceased to retain the proceeds of the sale of the corn. It is stipulated between the parties that at the time of the death of the testator, the corn was growing upon the premises devised to Esther M. Watkins, and that it was harvested after his death, and that the sum of $1,010.99 is the net proceeds that the objector, the appellant, claims she is entitled to receive. It is from the order of the circuit court approving the report of the executor, that the appeal is prosecuted to this court.

The only question on this appeal is whether or not the devisee of the net income from the real estate of

her deceased father is entitled to the crops growing upon the premises at the time the will became effective, or whether it will become a part of the property which passed to the personal representative, and the life tenant's interest be limited to the income therefrom. In *Mather v. Mather,* 103 Ill. 607, at page 613, it is stated: "So in this case a devise of the net income of his estate to his wife and children, during their lives, is a devise of the property to them during their lives. It is clear this was the intention of the testator, and without the aid of technical terms applicable to such matters, it is hardly possible that intention could have been more certainly expressed." In the case of *Mettler v. Warner,* 243 Ill. 600, at page 610, we find the following: "It will be noted that by clause 6 of the will the executor is directed to take immediate possession of the real estate devised, and 'manage, control, rent, cultivate, keep in repair and improve the same as he or they may deem advisable,' and after the expenses are paid the net proceeds and income from said real estate are to be paid to the children of the testator, or their descendants, in equal parts, *per stirpes* and not per capita. There is here an express devise to the testator's children of all of the proceeds and income from the real estate. It is a well established rule that a devise of all of the rents and profits or income from real estate is a devise of the real estate itself." Under the will of Clinton D. Ellsworth, deceased, we think it clearly shows that he devised to his daughter, Esther M. Watkins, a life estate in the 160-acre farm.

In the early case of *Talbot v. Hill,* 68 Ill. 106, it is held as between vendor and vendee, growing crops are real estate, and unless reserved, pass to the purchaser by a deed of the land, as being annexed to and forming a part of the freehold. This court, in an early opinion in the case of *Pritchard v. Walker,* 22 Ill. App. 286 held, that a devise of the rents and profits or of the income of the land, passes the land itself both at law

and in equity, and that the tenant for life is entitled through his lawful representatives to the profits of the annual and growing crops as emolument. To the same effect is *Sugden v. Beasley,* 9 Ill. App. 71; *Damery v. Ferguson,* 48 Ill. App. 224. This has been the established rule of law ever since the decision of these early cases.

It is conceded that the corn growing upon the 160-acre farm had been planted and cultivated by the testator, but had not been harvested, or severed from the ground at the time of the testator's death. It therefore was a part of the real estate, and under the will, passed to the devisee and became her property. The trial court erred in holding that the proceeds from the sale of this corn were a part of the estate of Clinton D. Ellsworth, deceased. The order appealed from is hereby reversed and the cause remanded.

*Reversed and cause remanded.*