SPRINGFIELD MARINE BANK, Ex'r of the Will of Mabel F. Hunter, Deceased, and Trustee under the Will of Ralph O. Hunter, Deceased, Plaintiff-Appellee, *v.* WILLIAM D. FORSYTH, JR., *et al.*, Defendants.—(WILLIAM D. FORSYTH, JR., *et al.*, Defendants-Appellants; SIDNEY UNITED CHURCH, Defendant-Appellee.)

Fourth District   No. 14632

Opinion filed March 6, 1978.—Rehearing denied March 31, 1978.

James J. Costello and Timothy O. Madigan, both of the University of Illinois, of Urbana, for appellants.

Middleton & Craver, of Urbana, for appellee Sidney United Church.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On August 5, 1974, Mabel F. Hunter died. Under the terms of her will, the University of Illinois was specifically devised four farms owned by the testatrix in fee simple. The will provided that one of the farms, located in Champaign County, was to be used by the College of Agriculture as an experimental farm. The other three farms, located in Macoupin and Sangamon Counties, were to be added to a trust settled by the testatrix's husband to provide scholarships for students in the College of Agriculture. Among other legacies and devises, the will provided that another farm in Champaign County was to be devised to the Sidney United Church and sold, with the proceeds to be used to construct a new church. The church was also declared the residuary legatee under the will with any residual legacies or devises to be used in building and equipping the new church.

At the time of Mabel F. Hunter's death, crops were growing on the four farms. The plaintiff, as executor of Mabel F. Hunter's will and as trustee under Ralph O. Hunter's will, filed a complaint in Sangamon County

seeking, *inter alia,* directions as to the disposition of the proceeds from crops on the specifically devised land which had not been harvested at the time of Mrs. Hunter's death. Neither the proceeds from the crops nor the devised land were needed to pay debts, taxes, or the expenses of administration.

On July 5, 1977, the circuit court entered a decree which directed, *inter alia,* that the crop proceeds from land specifically devised to the University be apportioned between the University and the residuary legatee on the basis of a 365-day year beginning on March 1, 1974. Accordingly, a 157/365 share of the crops was to be paid to the church and a 208/365 share was to be paid to the University. This apportionment gave the church a *pro rata* share which represented the 157-day period from March 1 to August 5, the date of death while the University received a *pro rata* share which represented the 208-day period from August 6 to February 28. The net value of the crops growing on lands specifically devised to the University totaled $103,559.60.

On appeal, the University contends that it is entitled to the entire $103,559.60 fund and not only to the *pro rata* share ordered by the circuit court. It is not contended that the church has actual interests in the crop or land either as a tenant or pursuant to a contract.

Section 5(3) of the Principal and Income Act provides: "In respect to the Will of a person dying after this amendatory Act takes effect and unless otherwise provided by the Will:* * *(3) The legatee or devisee of property specifically bequeathed or devised shall be entitled to the income earned or accrued on the property during the period of administration less expenses chargeable under subsection (1) against the income therefrom, and all expenses in excess of income shall be charged against the property." (Ill. Rev. Stat. 1975, ch. 30, par. 163(3).) In the case of *In re Estate of Sawyer* (1972), 7 Ill. App. 3d 944, 288 N.E.2d 633, this court construed section 5(3) and held that the recipient of a specific devise of oil and gas interests was entitled to income received during the period of administration, less the expenses attributable to the income. Although the court noted that the Principal and Income Act codified parts of the common law, the court did not hold that the Act codified the teaching of *Creel v. Kirkham* (1868), 47 Ill. 344, and *In re Estate of Ellsworth* (1941), 310 Ill. App. 223, 33 N.E.2d 887.

In *Creel,* the testator devised a tract of land to Kirkham. At the time of death, a crop of wheat was growing thereon which had been cultivated by Hahn, a tenant who had a 50% contractual interest in the crop pursuant to a contract he had with the testator. In reversing a judgment adverse to Kirkham, the specific devisee, the court held that Hahn was a tenant in common (with the testator) in the crop, not in the realty. The court then stated that a growing crop which has not been harvested passes with

the land by conveyance or devise unless otherwise expressly reserved to the contrary. 47 Ill. 344, 349.

In *Ellsworth*, a testator died leaving a 160-acre farm to his daughter. At the time of death there was a corn crop growing on the farm. In reversing a judgment for the executor, the court held that the crop was a part of the realty at the time of the testator's death and, pursuant to the terms of the testator's will, passed to the devisee and did not become a part of the testator's probate estate. 310 Ill. App. 223, 226, 33 N.E.2d 887.

Here, the Sidney United Church contends that the parties' interest in the crops not harvested at the testatrix's death was in the nature of rent arising from what it terms a crop share lease. The church, therefore, contends that under the Principal and Income Act an apportionment of the crop proceeds was proper. The record in this case, however, does not reflect that either the land or crops were burdened with a lease arrangement involving either of the parties. Rather, the instant case involves the question of whether the crops or their proceeds pass entirely to the devisee, entirely to the executor, or proportionately to both. In keeping with settled law, we hold that they pass entirely to the devisee unless the will provides otherwise. (Section 5(3) of the Principal and Income Act (Ill. Rev. Stat. 1975, ch. 30, par. 163(3); *Creel; Ellsworth;* Annot., 92 A.L.R.2d 1373, 1377 (1963); 4 James, Illinois Probate Law & Practice §213.3, at 195 (Supp. 1975); 96 C.J.S. *Wills* §772 (1957).) In so holding, we construe section 5(3) to be, as the University contends, consistent with *Creel* and *Ellsworth*. We also construe the statutory use of the terms "earned or accrued" to be consistent with *Creel* which stated: "Accruing rent is an incident which passes with and attends the reversion, unless expressly reserved." 47 Ill. 344, 346-47.

For the foregoing reasons we reverse the judgment of the circuit court and, pursuant to authority granted in Supreme Court Rule 366(a)(5) (58 Ill. 2d R. 366(a)(5)), we enter judgment for $103,559.60 in favor of the University.

Reversed and judgment entered.

MILLS and TRAPP, JJ., concur.