LEVI L. COOK v. HAZEN M. PARKER.[1]

February 2, 1897.

Nos. 10,341—(227).

Lease—Construction—Forfeiture—Satisfaction.

By a lease for a term of years the lessee covenanted to pay an annual rental, and all taxes and assessments on the demised premises. It was covenanted that the lessees might, at any time within 60 days next preceding the expiration of the term, remove any buildings placed by them on the premises, provided that they should have then paid all rent and taxes due or to accrue up to the end of the term. A right of re-entry in case of nonpayment of rent or taxes was reserved, and one of the conditions of the ·lease was that, if the lessees should default for 90 days in the payment of rent or taxes, the lease should be terminated, and all rights of the lessees under it forfeited, and the buildings become the property of the lessor. The lessees went into possession and erected buildings worth $11,000. The assignees of the lessees having defaulted in the payment of rent and taxes, the lessor brought an action against them, asking that the amount due for rent and taxes be ascertained by the court, and a time fixed within which it should be paid, and that, if not paid within the time fixed, all rights of the assignees under the lease and to the buildings be adjudged terminated. He obtained judgment as prayed for, the amount due him for rent and taxes being adjudged to be $5,300, and the time within which it should be

1 Reported in 69 N. W. 1099.

paid fixed at two months. The assignees not having paid within the time fixed, the lessor obtained a final decree adjudging their interest under the lease and in the buildings terminated. Under this judgment he took and still retains possession of the premises and the buildings. *Held* that, by bringing this action, the lessor waived a strict forfeiture, and his right of entry under the terms of the lease, and elected to assume the position, of one who applies for and obtains a strict foreclosure of a mortgage or other lien, which operates to satisfy the debt pro tanto, and hence he must be deemed to have accepted the unexpired term of the lease and the buildings erected by the lessees in full satisfaction of his claim for rent and taxes.

Action in the district court for Hennepin county against the receiver of an insolvent corporation to recover $1,486.81 with interest. From an order, Russell, J., denying a motion for a new trial, after findings and order for judgment in favor of plaintiff for $625.72, with interest, defendant appealed. Reversed.

*Shaw, Cray, Lancaster & Parker,* for appellant.

Any equities that existed against the insolvent at the time of his appointment can be enforced against the receiver. Haggerty v. Palmer, 6 Johns. Ch. 437; Knowles v. Lord, 4 Whart. (Pa.) 500; Maas v. Goodman, 2 Hilt. 275; Griffin v. Marquardt, 17 N. Y. 28; Reed v. Sands, 37 Barb. 185; Willis v. Henderson, 5 Ill. 13. Not having the protection of a bona fide purchaser, he is not bound by the obligations of such a purchaser. Not being a purchaser for value, he is not bound by record notice. There are no allegations in the complaint and no testimony tending to prove appellant assumed the lease. As no claim for rent or taxes was made by respondent, appellant had a right to assume that both had been paid. The buildings being personal property of the insolvent estate, so long as the ground rent and taxes were paid, taking possession of the buildings could not be evidence that appellant assumed the ground lease. An assignee or receiver has a reasonable time within which to elect to assume a lease. Under the circumstances of this case ten months was not an unreasonable time for such election. Forepaugh v. Westfall, 57 Minn. 121, 58 N. W. 689; Kalkhoff v. Nelson, 60 Minn. 284, 62 N. W. 335; Turner v. Richardson, 7 East, 335.

Respondent collected from Veazie and Barrett all the ground rents which accrued for a period beginning prior to appellant's appointment and ending long subsequent to the time appellant was ousted from the

possession.   By reason of the mortgage to Barrett, the latter became an assignee of all the rights of the furniture company, as of the date of the mortgage, and, by reason of the accounting by appellant to the special receiver, Veazie, on whose motion he was appointed, was a tenant of respondent until the expiration of the year for redemption, after which time Barrett was a tenant of respondent.   Respondent recognized Veazie as his tenant by the receipt of rent from her.   He recognized Barrett similarly, and by bringing suit to foreclose the lease, in which suit appellant was not made a party.   Respondent cannot enforce the covenants of his lease for the same period against Barrett and Veazie and also against appellant.

*Ripley & Brennan*, for respondent.

The assignee of a lease is liable for taxes where the lease provides for their payment by lessee.   Trask v. Graham, 47 Minn. 571, 50 N. W. 917; Craig v. Summers, 47 Minn. 189, 49 N. W. 742.   See Lewis v. Burr, 8 Bosw. 140; Young v. Peyser, 3 Bosw. 308; Journeay v. Brackley, 1 Hilton (N. Y.) 447; Martin v. Black, 9 Paige Ch. 641; Dorrance v. Jones, 27 Ala. 630; Clark v. Hume, Ryan & M. 207; 2 Taylor, L. & T. § 458; Burrill, Assign. § 374.   After forfeiture the tenant cannot counterclaim the value of the buildings, when sued for rent and taxes which accrued prior to the termination of the lease.   Finkelmeier v. Bates, 92 N. Y. 172; People's Bank v. Mitchell, 73 N. Y. 406; Paine v. Trinity Church, 7 Hun, 89; Glaser v. Cumisky, 16 N. Y. Supp. 89; Johnston v. Bates, 48 N. Y. Sup. Ct. 180.

To protect their interest in the lease and to prevent a forfeiture the mortgagees paid the rent in arrear.   They were not in possession nor entitled to the possession.   If the mortgagees were tenants, was the appellant a trespasser or a sub-tenant of the mortgagees?

MITCHELL, J.   The material facts may be stated thus:

In January, 1886, the plaintiff, as lessor, and others, as lessees, executed a lease for the term of seven years, by the terms of which the lessees covenanted to pay an annual rental, and all taxes and assessments on the demised premises.   It was covenanted in the lease that the lessees, their heirs or assigns, might, at any time within 60 days next preceding the expiration of the term, remove any buildings placed by them upon the premises, provided they should have then paid all rents and taxes due or to accrue up to the expiration of the term.   One of the conditions expressed in the lease

was that, if the lessees or their assigns should default for 90 days in the payment of rents or taxes, the lease should become ended and determined, and all rights of the lessees under it forfeited and lapsed, as fully as if it had expired by lapse of time, and all buildings on the premises become the property of the lessor, who should have at once the right of re-entry to the same as if the term of the lease had expired. The lessees assigned to the Liljengren Furniture & Lumber Company, which went into possession, and erected buildings of the value of $11,000, and subsequently executed two mortgages on their leasehold interest. In May, 1890, the plaintiff, as receiver in insolvency of the furniture and lumber company, took possession of the premises, and so remained until March, 1891, when he was required to surrender possession, and account for what rents he had received to a special receiver, appointed in a foreclosure suit instituted by Barrett and Veazie, the mortgagees of the furniture and lumber company. This special receiver remained in possession until these mortgagees acquired title under the foreclosure sale, when they went into possession as assignees of the lessees. In July, 1893, the plaintiff commenced an action against Barrett and Veazie, setting up the terms of the lease, alleging a default in the payment of rent due September 1, 1892, and of taxes for several years, including those for 1890, and asking that the court find the amount due from them on account of unpaid rent and taxes, and fixing the time within which the amount so found due should be paid to plaintiff, and that, in case such amount was not paid within the time fixed, all rights of Barrett and Veazie to the premises and buildings thereon should be terminated. Judgment was rendered in accordance with the prayer of the complaint, adjudging the amount due the plaintiff for rent and taxes, including taxes for 1890, to be $5,248, and fixing the time within which it should be paid at two months. Barrett and Veazie having failed to pay the amount, the plaintiff, after the expiration of the two months, obtained a final decree adjudging that all their rights under the lease in the premises and the buildings thereon were terminated and annulled. Thereupon plaintiff, under and pursuant to this judgment, took, and still retains, possession of the premises and the buildings thereon erected by the lessees, which were worth $11,000.

Plaintiff subsequently brought this action against the defendant to recover the amount of taxes on the leased premises for the year during which plaintiff was in possession as receiver, upon the theory that he had accepted and adopted the lease as assets of the estate of his insolvent, and thereby rendered himself liable on his covenants.

Conceding the law to be with the plaintiff on all other points, there is, in our opinion, one conclusive reason why he cannot maintain this action. We may assume, without deciding, that, if plaintiff

had stood on his right of re-entry under the lease, such re-entry would not have extinguished a right of action which had previously accrued for rent or for taxes. But this was not what he did. He waived the forfeiture and right of entry under the lease by bringing a suit for equitable relief in the nature of a strict foreclosure of an equitable lien or mortgage on the defendant's leasehold interest for the unpaid rent and taxes. Having elected to resort to such a remedy, we think he occupies the same position as a mortgagee who seeks and obtains a strict foreclosure, which operates to satisfy the debt pro tanto.

In this case the claim for rent and taxes was wholly satisfied, because the court finds that the buildings erected by the lessees were worth more than double the amount of plaintiff's claim. Plaintiff's contention, that this judgment was merely a judicial determination that there was a forfeiture and right of entry under the lease, cannot be maintained. The action was not brought on any such theory, nor was the relief asked for and granted consistent with it. Had plaintiff merely asserted his right of re-entry, the tenants would have had, under the statute, six months within which to reinstate the lease and regain possession by paying the amount of rent and taxes in arrear. G. S. 1894, § 5865. The time fixed by the judgment within which the tenants might pay up was fixed at only two months. We need not inquire whether such a judgment was a proper one. It was, at most, merely erroneous, and not void. No new trial is necessary. The findings of fact, which are not assailed, entitle the defendant to judgment.

The cause is remanded, with directions to the court below to amend its conclusions of law, and order judgment for the defendant.