## In re HOOK.

District Court, D. Maryland.    March 29, 1928.

No. 5053.

1. **Landlord and tenant ⬅139(2)—Tenant for uncertain term may remove crops within reasonable time after termination of tenancy, but where term is certain, cannot remove crops maturing after end of term.**

The general rule, followed in Maryland, is that tenant for an uncertain term has a right to take within a reasonable time after the tenancy has been ended such annual products of the soil as are raised by his labor, but, where term is certain, tenant does not have right to remove crops which he knows will mature after end of his term.

2. **Landlord and tenant ⬅139(2)—Tenant doing something causing forfeiture of his estate cannot remove growing crops.**

Where tenant does something which forfeits his estate, he has no right to remove growing crops.

3. **Landlord and tenant ⬅108(1)—Tenant's breach of covenant to pay rent does not forfeit estate but merely gives landlord right to enter if lease so provides.**

Tenant's breach of covenant to pay rent does not forfeit his estate, but only gives to landlord a right to enter, if such right has been reserved in the lease, which right he may exercise or not as he sees fit.

4. **Landlord and tenant ⬅112(3)—Landlord, distraining for rent accruing after grounds for forfeiture, waives forfeiture.**

If landlord elects to distrain for rent accruing after grounds of forfeiture under the lease, he waives forfeiture because such distress affirms existence of the tenancy.

5. **Contracts ⬅316(1)—Breach of contract is waived if other party acts on theory contract is still in force.**

When there is ground for avoidance of contract for breach of a condition, thereof party having the right to avoid must do so, and, if he acts on the theory that the contract is still in force, breach is waived.

6. **Bankruptcy ⬅143(2)—Landlord and tenant ⬅112(3)—Landlord distraining for rent waived forfeiture, and subsequent entry preceding tenant's adjudication as bankrupt was invalid as forfeiture, and trustee was entitled to entire proceeds of sale of crops.**

Under lease giving landlord right to distrain for rent in arrears and further providing that, if rent is in arrears for three months, lease shall be void if landlord so elects, where landlord elected to distrain for four months' rent so that distraint embraced one month's rent accruing after right of forfeiture arose, he waived right of forfeiture, and his subsequent entry on day preceding tenant's adjudication as bankrupt was invalid as forfeiture, and bankrupt's trustee was entitled to entire proceeds of sale of growing crops for benefit of creditors.

7. **Bankruptcy ⬅255, 318(4)—Landlord and tenant ⬅101½—Tenant's bankruptcy does not affect lease, but landlord, though not entitled to file for future rent, may proceed to judgment in personal action for rent (Bankr. Act, § 63 [11 USCA § 103]).**

Bankruptcy of tenant does not affect lease, but it still continues in force, and landlord, though not entitled to file in bankruptcy for his rent because claim for rent yet to accrue, being contingent, is not provable under Bankruptcy Act, § 63 (11 USCA § 103) has a right to proceed to judgment in personal action.

In Bankruptcy. In the matter of Vernon R. Hook, bankrupt, in which Howard A. Bixler filed petition asserting claim to proceeds of sales of certain crops growing on land of bankrupt at time of his adjudication. Petition dismissed without prejudice.

Joseph D. Brooks, of Westminster, Md., for petitioner.

Charles O. Clemson, of Westminster, Md., for trustee.

WILLIAM C. COLEMAN, District Judge. The question in this case is as to the proper disposition of the proceeds of the sales of certain crops growing on the land of the bankrupt at the time of his adjudication. It arises out of these facts: On April 1, 1927, the petitioner, Howard A. Bixler, leased his farm near Westminster, Md., for one year to Vernon R. Hook, the bankrupt. The lease contained the usual covenant for rent, on a monthly basis of $85, and reserved a right of entry to the lessor for breach of this covenant. No rent was ever paid. On July 18th, the bankrupt moved off the farm, having left a man in charge. The next day the petitioner made entry; there being four months' rent in arrears. He had issued a distraint warrant on July 16, 1927. On July 20th, Hook was adjudicated a voluntary bankrupt.

At the time of the entry by the landlord, there were unharvested crops sowed by the bankrupt, upon the land. These were sold by the trustee under an order of this court dated August 25th, and the proceeds, $1,128.-17, held by him subject to further determination. The petition of the landlord followed on September 23d, and the prayer thereof, in so far as is here material, is that the petitioner be declared entitled either to the full sum of $1,128.17, or in the alternative to $680 rent for the remaining eight months of the year.

[1] The lease, being for a tenancy in Maryland, is to be governed by Maryland law. There is a general rule, followed in Maryland, that a tenant for an uncertain term has

a right to take away within a reasonable time, after the tenancy has been ended, such annual products of the soil as are raised by his labor. Bevans v. Briscoe, 4 Har. & J. (Md.) 139; Tiffany, Landlord and Tenant, p. 1626 et seq.; Taylor, Landlord and Tenant (7th Ed.) § 534. The obvious purpose of the rule is to assure tenants that they will profit by their labors and thus encourage them to freely cultivate the soil. But, where the term is certain, these reasons do not exist with the same force, and the rule is that a tenant does not have the right to remove crops which he knows will mature after the end of his term. Carmine v. Bowen, 104 Md. 198, 64 A. 932, 9 Ann. Cas. 1135; Tiffany, p. 1636; Taylor, supra.

[2, 3] Where the tenant does something which forfeits his estate, he likewise has no right to remove growing crops (Talbot v. Hill, 68 Ill. 106; Tiffany, p. 1640; Taylor, § 535); for here no policy favors his right to harvest, since he, by his own act, has brought the tenancy to an end, and it is just that the landlord be compensated for the loss of his rent by the crops upon the land. However, breach of the covenant to pay rent does *not* forfeit the estate. It only gives to the landlord a right to enter, if such has been reserved in the lease, which he may exercise or not, as he sees fit. Crean v. McMahon, 106 Md. 507, 68 A. 265, 14 L. R. A. (N. S.) 798; Tiffany p. 1368 et seq.; Taylor, § 291. In the present case, the lease contains such reservation, as follows:

"Provided that, if the said rent, or any portion thereof, shall be in arrears at any time, it shall be lawful for the said lessor, his heirs or assigns, to make distress therefor; and provided further that, if any portion of the rent reserved shall be in arrear and unpaid for the space of three months, this lease shall be void, if the said lessor his heirs or assigns *shall so elect,* and the said lessor, his heirs or assigns may re-enter upon the said lots of land and the improvements and buildings thereupon and hold the same as if this lease had never been made."

[4] But this reservation is not tantamount to permission to the landlord to take an inconsistent position; that is to say, if the landlord elects to distrain for rent accruing after the grounds for forfeiture, he waives the forfeiture because such distress affirms the existence of the tenancy. Louck v. Willingate, 1 H. Bl. 311; Dermott v. Wallach, 1 Wall. 61, 17 L. Ed. 680; McKildoe v. Darracott, 13 Grat. (54 Va.) 278; Conway v. Starkweather, 1 Denio (N. Y.) 113; Chase v. Knickerbocker Co., 32 App. Div. 400, 53

N. Y. S. 220. See, also, Cook v. Parker, 67 Minn. 374, 69 N. W. 1099.

In the case of McKildoe v. Darracott, supra, a lease was forfeited by the act of the lessee in subletting the premises, but it was held that the forfeiture was waived by the lessor distraining for rent accruing after the forfeiture. There, the court said (pages 281, 282):

"There is, indeed, no conflict of authority in regard to the principle which governs the case. The only apparent conflict is in its application to individual cases. The principle simply is, that if the lessor, with knowledge of the forfeiture, do any act affirming the tenancy or recognizing its continuance, he thereby waives the forfeiture. Whether the act, in a given case, will have that effect, is sometimes a question of difficulty. The acceptance of rent, eo nomine, generally, if not always, has that effect; because it can rarely, if ever, occur without the relation of landlord and tenant, and is an admission that the tenancy is then subsisting. Archbold, 97, citing Pennant's Case, 3 Coke, 64b; Harvey v. Oswald, Cro. Eliz. 553, 572; Moore, 456; 2 Anderson, 90; Arnsby v. Woodward, 6 Barn. & Cress, 519, 13 Eng. C. L. R. 241. The same may be said of a distress for rent (Id.), and also of an absolute and unqualified demand of rent, whatever may be the secret motive of the lessor in demanding it. 2 Platt on Leases, 468. Generally, the lessor, by merely being passive, will not waive the forfeiture. It is not enough that he knows of the breach without availing himself of his right of re-entry. The act by which the forfeiture is waived must, as we have seen, amount to an affirmance of the tenancy or a recognition of its continuance. Comyn, 334; Archbold, 97; Doe v. Allen, 3 Taunt. R. 78."

[5] The foregoing is strictly in accord with the general principles of contracts; that is, when there is a ground for avoidance for breach of a condition, the party having the right to avoid must do so. If he acts on the theory that the contract is still in force, then the breach is waived. Mound Mines Co. v. Hawthorne (C. C. A.) 173 F. 882; Texas Co. v. Pensacola Maritime Corp. (C. C. A.) 279 F. 19, 24 A. L. R. 1336.

[6] In the present case, the landlord was entitled to a forfeiture after three months' rent was in arrears—that is, on and after June 1st—each monthly installment being payable in advance. But, instead of exercising this right at once, he elected to distrain on July 16th for four months' rent which was due and payable at that time; that is to say, the distraint embraced one month's rent accruing

after the right of forfeiture arose. But he did not attempt to exercise his right till July 19th. Clearly therefore, under the well-established principle laid down in the cases cited, the landlord must be considered as having waived his right of forfeiture. That this interpretation of the landlord's conduct is the only proper one to adopt seems to be borne out by the phraseology of the distraint and forfeiture clause in the lease above quoted. Note the proviso, "that if any portion of the rent reserved shall be in arrear and unpaid for the space of three months, this lease shall be void if the said lessor, his heirs or assigns, *shall so elect,* and the said lessor, his heirs or assigns, may re-enter," etc. While somewhat inartistically drawn, the obvious intent of the language is to vest in the landlord an option as to which of two remedies he might elect to pursue; that is, either distraint, or forfeiture of the lease. It would have been more grammatical and more clearly expressive of the true intent, if the latter part of the proviso had been phrased as follows: "And provided further that, if any portion of the rent reserved shall be in arrear and unpaid for the space of three months, the said lessor, his heirs or assigns, may elect to enter upon the said lots of land and the improvements thereupon, and declare this lease void, and hold the premises as if the lease had never been made."

[7] The result is therefore that there was no valid forfeiture by the entry on July 19th, and therefore the trustee is entitled to the entire proceeds of the sale of the crops for the benefit of creditors. But it does not follow that the lease is no longer of value. The bankruptcy of the tenant does not affect the lease. In re Sherwoods, Inc. (C. C. A.) 210 F. 754, Ann. Cas. 1916A, 940; In re Roth & Appel (C. C. A.) 181 F. 667, 31 L. R. A. (N. S.) 270. It still continues in force, and the landlord, though not entitled to file in bankruptcy for his rent, because a claim for rent yet to accrue, being contingent, is not one which is provable under section 63 of the Bankruptcy Act (11 USCA § 103)—Atkins v. Wilcox (C. C. A.) 105 F. 595, 53 L. R. A. 118; Watson v. Merrill (C. C. A.) 136 F. 359, 69 L. R. A. 719; In re Roth & Appel, supra—has a right to proceed to judgment in a personal action as long as the lease is in existence. Of course, it may be that his right to sue for the full amount of the rent is practically of little value. But it is to be remembered that the landlord still has the land and its productive value, and it is more equitable that he be relegated to the uncertain remedy against the tenant than that general creditors, who have nothing to rely on except their provable claims, be deprived of realizing on the sale of the crops.

The order of the court will be that the $1,128.17 be awarded to the trustee for the benefit of the bankrupt's estate. Since the alternative prayer of the landlord's petition, that he be awarded the amount of rent still remaining unpaid, has already been answered in the negative, it follows that the petition must be dismissed, without prejudice, however, to any rights which the petitioner may have respecting certain minor items mentioned in the petition, which are referred to the referee for such further proceedings as may be necessary.